## Danziger *versus* Williams.

1. A suit was brought to recover the first quarter's rent, on an alleged parol lease. The defendant entered no plea, but filed an affidavit of defence wherein he denied the lease and the occupancy of the premises. A compulsory arbitration was had, and it was mutually agreed that the arbitration "shall be final and without exception or appeal." The award was for defendant and it was duly entered. An action was subsequently brought for the second quarter's rent on the same alleged lease, and defendant again denied the lease, or the occupancy of the premises, and pleaded in bar the award in the previous action. *Held*, that it was a good plea in bar.

2. *It seems*, that the affidavit of defence in the first suit was a part of the record, and should be considered when the record of said suit was examined, in order to be certain what was claimed and denied.

October 9th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county*: Of October and November Term 1879, No. 41.

Debt by Mrs. S. D. Williams against Morris H. Danziger to recover the second quarter's rent claimed to be due on an alleged parol lease. A suit had been previously brought against Danziger to recover the first quarter's rent on this alleged parol lease. In that case the defendant entered no plea, but filed an affidavit of defence denying the agreement for a lease or the occupancy of the premises. A rule for arbitration was taken, and by an agreement filed the "arbitration shall be final without exception or appeal." The award was for defendant, which was duly entered. See Williams *v.* Danziger, *ante* 232. In this suit the defendant again denied the lease and occupancy of the premises, and pleaded in bar the former suit. The case was submitted, without a jury, to the court, Bailey, J., who refused to consider the testimony of one of the arbitrators called by defendant " to show that the sole question tried by the arbitrators was as to the existence of the alleged lease;" and who declined also to consider the affidavit of defence in the former suit. And as a matter of law the court found that the plaintiff was not estopped by the award in the former suit, and entered judgment for the plaintiff. The defendant took this writ and assigned this action for error.

*Josiah Cohen*, for plaintiff in error.—The subject of controversy in this suit was at issue in the former suit, and cannot be readjudicated in this action: Russell *v.* Place, 4 Otto 608 ; Cromwell *v.* County of Sac, 4 Id. 360. The testimony of the arbitrator would have shown the identity of the two actions. The only defence in the former suit was that disclosed in said suit, and that would have shown that it was asserted no such lease was ever made.

*T. M. Marshall* and *T. Williams, Jr.*, for defendant in error.—

[Danziger *v.* Williams.]

Every estoppel ought to be reciprocal: Bouv. Inst., sect. 2932; Hempstead *v.* Easton, 33 Mo. 147; Schuhman *v.* Garratt, 16 Cal. 103. It will not be pretended that if the award of arbitrators had been in favor of the plaintiff that the defendant would have been estopped from making a defence to a suit for a subsequent quarter's rent. In Hibshman *v.* Dulleban, 4 Watts 191, the court says " a judgment is only conclusive between the same parties on the same matter directly in question." This suit was for a different quarter's rent.

Mr. Justice PAXSON delivered the opinion of the court, November 10th 1879.

This was an action of debt, brought to recover the second quarter's rent upon an alleged lease of a building for one year, at a rental of $1600, payable quarterly in advance; the rent in controversy falling due July 1st 1877. By agreement filed, jury trial was dispensed with, and the case submitted to the court under the Act of Assembly

The defendant pleaded in bar a former action between the same parties, in the same court (see preceding case), for which a prior quarter's rent, under the same lease, had been demanded, and in which there was an award of arbitrators in his favor, unappealed from.

A failure to recover one quarter's rent would not necessarily preclude a recovery for a subsequent quarter. As an illustration, the defence of payment might be a good defence to an action for the first quarter, and yet fail as to the second. But if the first action was defeated exclusively upon a ground which denied the right of action, it would be a good plea in bar to a suit brought to recover subsequent rent under the same lease. No authorities are needed for so plain a proposition.

We are of opinion that the defendant was entitled to a judgment in his favor upon this plea. The record of the first suit shows that the only defence set up was that the defendant did not lease or occupy the premises, as claimed by the plaintiff. It is true, there was no plea filed; but there was an affidavit of defence, in which this single ground of defence was taken. The affidavit is a part of the record, and is entitled to be considered when we examine the record of the first suit to ascertain just what was claimed and denied.

The award having been in favor of the defendant, and no appeal therefrom, it becomes a judgment, and is as conclusive upon the parties as any other form of judgment. The defence set up was one that went to the entire cause of action. That question having been once determined by a competent tribunal, it cannot be inquired into again.

This view of the case renders a consideration of the first assign-

[Danziger *v.* Williams.]

ment of error unnecessary. The evidence of the arbitrator as to what occurred at the arbitration, even if admissible, was not needed. When the record shows just what was in dispute, there can be no reason for resorting to parol evidence.

Judgment reversed.