## Sharpless *v.* Zelley, Appellant.

*Landlord and tenant—Rent—Repairs—Actions for successive installments of rent—Res adjudicata—Estoppel.*

1. Where a landlord brings two actions for successive installments of rent, and in each action the tenant while not denying the validity of the lease claims that the landlord was not entitled to the full amount of the rent because of the failure to make certain repairs, and in each case there is a verdict for the landlord less than the amount of the rent claimed, such actions are not res adjudicata against the landlord of an action for the final installment of rent.

2. On the trial of the third action the court may examine the charge of the court in the prior action to ascertain what questions were therein submitted to the jury.

3. The estoppel of a judgment extends only to the questions directly involved in the issue, and not to any incidental or collateral matter though it may have arisen and been passed upon.

Argued Nov. 22, 1910. Appeal, No. 16, Oct. T., 1910, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1908, No. 58, on verdict for plaintiff in case of Serrill J. Sharpless and Eleanor, his wife, in the right of the wife, v. Leander.S. Zelley. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for rent. Before BROOMALL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $907.10. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*Ernest LeRoy Green,* for appellant.—No res is adjudicated in a case until there is a final judgment entered in the case. It is this final judgment that adjudicates: Allen v. International Text Book Co., 201 Pa. 579; Orr v. Mercer County Mut. Fire Ins. Co., 114 Pa. 387; Raisig v. Graf, 17 Pa. Superior Ct. 509; Fries v. Penna. R. R. Co., 98 Pa. 142; Fry v. Glass Co., 219 Pa. 514.

In determining whether a question is res adjudicata by reason of a former judgment, the charge of the court in the former suit may be examined to determine on what point recovery was had: Morton v. Union Traction Co., 20 Pa. Superior Ct. 325; Carmony v. Hoober, 5 Pa. 305.

A suit for one installment due under a contract is res adjudicata in a later suit to recover subsequent installments under that contract of all matters actually considered and also of those that might have been considered if the parties had exercised the vigilance that the law requires: Danziger v. Williams, 91 Pa. 234; Orr v. Mercer County Mut. Fire Ins. Co., 114 Pa. 387.

The principle of res adjudicata applies though the judgment is erroneous: Bell v. Allegheny County, 184 Pa. 296; Hinds v. Willis, 13 S. & R. 213; Bower v. Tallman, 5 W. & S. 556; Kase v. Best, 15 Pa. 101; Devine's Est., 199 Pa. 250; Pulaski Ave., 220 Pa. 276.

The principle of res adjudicata applies as to questions of law as well as fact: Lancaster v. Frescoln, 203 Pa. 640; Marsh v. Pier, 4 Rawle, 273; Bolton v. Hey, 168 Pa. 418; Pulaski Avenue, 220 Pa. 276.

*William Taylor,* for appellees.

OPINION BY PORTER, J., May 11, 1911:

In June, 1905, the plaintiffs leased, by agreement in writing, a tract of land and mortar mixing plant, for the

term of three years from July 1, 1905, and under that lease the defendant went into possession of the premises and continued to enjoy such possession for at least two years and a half. The defendant while seemingly entirely willing to use the property exhibited a consistent disinclination to pay rent and litigation naturally resulted. The plaintiffs, in May, 1906, brought an action to recover the semiannual installment of rent which became due on January 1, preceding, and the trial of that action resulted in a verdict and judgment for the plaintiffs for the full amount of their claim, which judgment was by this court reversed in Sharpless v. Zelley, 37 Pa. Superior Ct. 102, with a new venire. The plaintiffs had in the meantime brought another action upon the lease to recover the second semiannual installment of rent which became due on July 1, 1906. The covenants of the lease upon which the appellant based his defense in both of the actions are quoted at length in the report of the case above referred to and need not be repeated in this opinion. Both of the actions above mentioned were tried together and resulted in verdicts in each case in favor of the plaintiffs for less than the amount of the installments of rent called for by the lease, it being conceded that in each of the cases the verdict was for rent at the rate of $37.50 per month, and upon these verdicts judgments were entered. Those judgments stand unappealed from and unreversed.

The present action is again brought upon the lease for rent due from July 1, 1906, to the expiration of the term, a period of two years. It is contended by the appellant that the judgments rendered in the above mentioned actions, to recover the first and second semiannual installments of rent, were a judicial determination of the whole question of liability under the lease and that their effect was to estop the plaintiffs from recovery in the present action; that the matter now in controversy is res adjudicata. This is the only question involved in this appeal.

Had the plaintiffs entirely failed to recover in the preceding actions, for the earlier installments of rent, that would not necessarily preclude a recovery for a subsequent installment. The defense of payment might have been good in the earlier actions, and yet fail as to the present one. If the earlier actions had been totally defeated exclusively upon the ground that the defendant had not executed the lease or that the plaintiffs had never permitted him to enter upon the premises, the judgments there entered would have been a bar to the recovery of any rent subsequently accruing under the lease: Danziger v. Williams, 91 Pa. 234. The actions for the first and second installments of rent had not failed. The plaintiffs had recovered a judgment in each case, although they had not in either of the cases recovered the entire amount of rent called for by the lease. The plaintiffs had in each of those cases expressly declared upon the written lease, and had averred that the defendant entered and was in possession under the lease, and the defendant had in each case, respectively, entered the pleas "non-assumpsit, set-off and counterclaim as per affidavit of defense." The trial was upon the issue thus framed and the result was, in each case, a verdict in favor of the plaintiffs. The affidavits of defense referred to by the pleas and which were presented in the court below and are printed in the paper-book may properly be considered when we examine the record of the first suits to ascertain just what was claimed and denied: Danziger v. Williams, 91 Pa. 234. The affidavits of defense in the two earlier actions were substantially the same, and in neither of them did the defendant deny the execution of the lease nor the averment that he had entered and was in possession under the lease. The defense alleged in these affidavits asserted the validity of the lease and the whole defense was based on the covenants thereof. The assertion in these affidavits was that the lessors had in the lease covenanted to make repairs satisfactory to the lessee and that no liability for rent should be incurred by the lessee until

such repairs had been made, and the affidavits asserted that the repairs had not been made.   The record of the earlier actions disclosed that the parties had gone to trial upon the issue thus formed by the statement of the plaintiffs and the defendant's plea, supplemented by his affidavit of defense, and the verdicts in favor of the plaintiffs established the validity of the lease and that the defendant was liable for rent under the covenants therein contained: Orr v. Insurance Co., 114 Pa. 387; Stradley v. Bath Portland Cement Co., 228 Pa. 108.

The appellant contends that because in the former actions the plaintiffs did not recover rent in the full amount called for by the lease, although there was a recovery at a reduced rate, that, judgment having been entered upon the verdicts, this judicially determined that the defendant was not bound by the covenants of the lease, and that he could only be held liable in an action for use and occupation of the premises.   This contention is founded upon the charge in which the court submitted to the jury, in the earlier cases, the questions upon which they were to pass.   The judgments in these earlier cases, which defendant contends protect him from further liability, were entered upon verdicts and, in order to ascertain the facts upon which the jury passed, it is proper to examine the charge of the court to ascertain what questions were submitted: Follansbee v. Walker, 74 Pa. 306; Morton v. Traction Co., 20 Pa. Superior Ct. 325. That is the only bearing which the charge of the court in the former cases can have upon the rights of the parties in the present action.   The finding of the jury as to the facts submitted to them by the court is conclusive upon the parties, but it does not necessarily follow that if the court fell into error in regard to the manner in which the question was submitted to the jury that that error of law is to be persisted in in a later action upon the same contract. "But it is too well settled to need either argument or authority to maintain it that the estoppel of a judgment extends only to the question directly involved in the issue,

and not to any incidental or collateral matter, though it may have arisen and been passed upon:" Lewis and Nelson's Appeal, 67 Pa. 153. This was the language of Mr. Justice SHARSWOOD in the case cited, and to the same effect are Lentz v. Wallace, 17 Pa. 412; Rockwell v. Langley, 19 Pa. 502. Applying this principle to the present case we can only reach the conclusion that the questions submitted to the jury were two: (1) Had the plaintiffs made. the repairs called for by the lease to the satisfaction of the lessee, and was the assertion of the latter that the repairs had not been done made in good faith, and, in case the jury found that the repairs had not been so made, then (2) what was the actual rental value of the premises in the condition they then were, without the repairs? The jury having found, under this submission, for the plaintiffs in an amount less than the sum called for by the lease the verdict can only be construed as meaning that there was a liability to pay rent under the lease, but that the amount due, in view of the failure to repair, should be diminished. This being the proper inference to be drawn from the verdict, the effect upon a second action would seem to be to leave open only the question, whether the amount due for the unexpired term should be diminished by reason of the continued failure to do the work of repair: Kapp v. Shields, 17 Pa. Superior Ct. 524.

The defendant offered no evidence as to the condition of the premises during the period for which the plaintiffs sought to recover rent in the present action; he relied entirely upon the judgments in the former actions to protect him from a recovery in the present one. The plaintiffs had offered in evidence the lease and had produced testimony establishing that the defendant went into possession under the lease, which was sufficient to make out a prima facie case of a right to recover. The learned judge of the court below held that, while the effect of the judgments in the former actions was not a complete bar to the right of the plaintiffs to recover, that as the verdicts and judgments in the former actions had not been

for the full amount of the rent called for by the lease the rent for the unexpired term should be to the same extent diminished. The amount of the rental recovered in the former actions had been at the rate of $37.50 per month, and the court instructed the jury to return a verdict based upon that rate. It is not necessary for us to determine in this case whether the ruling of the court that the rental during the unexpired term must be reduced to the rate fixed by the verdicts in the former cases. The plaintiffs have not appealed. The action of the court in thus limiting the amount which the plaintiffs were permitted to recover was certainly as favorable to the defendant as the facts warranted. All the specifications of error are overruled.

The judgment is affirmed.