Opinion by
 

 Jacobs, J.,
 

 Defendant Vera Foster and Garnishee United National Insurance Co. appeal from the order of the lower court refusing to strike and/or open a judgment entered against defendant Foster. The judgment was entered on an arbitrators’ award after the statutory appeal period had expired and only the other defendant, James Abrams, had filed a timely appeal.
 
 [1]
 
 We affirm.
 

 Mary E. Flouders filed a complaint in trespass against the defendants, Vera Foster and James Abrams, on October 8, 1964. The case was tried before a panel of arbitrators and an award was entered on September 28, 1965 in favor of the plaintiff in the amount of $1,-407.36 against both defendants.
 

 
 *420
 
 On October 18, 1965, tbe defendant, James Abrams, filed a timely appeal. No appeal was taken by the defendant, Yera Foster. On November 9, 1967 plaintiff caused judgment to be entered on the award against the defendant Yera Foster only in the amount of $1,-407.36. A writ of attachment execution was issued on November 10, 1967 and was served on United National Insurance Co. as garnishee. On December 13, 1967 the insurance company-garnishee filed a petition and rule to show cause why the judgment should not be stricken and/or opened. The only theory advanced was that Abrams’ appeal from the award carried with it an appeal on behalf of Foster and prevented entry of judgment. The lower court refused to strike off or open the judgment. This appeal followed.
 

 It has long been the law in this Commonwealth that where a board of arbitrators finds two or more defendants jointly liable, an appeal from the arbitrators’ award taken by only one defendant will not be considered an appeal by all defendants unless it appears that this was the intention of the appealing party.
 
 Rice v. Foster,
 
 2, W.
 
 &
 
 S. 58 (1841);
 
 Anderson v. Levan,
 
 1 W. & S. 334 (1841);
 
 Hartman v. Stahl,
 
 2 P. & W. 223 (1830). Appellants argue that recent decisions of this court govern the instant situation and compel' a contrary result. We cannot agree.
 

 Our most recent consideration of the effect of one party’s appeal from an arbitrators’ award is
 
 Hammerman v. Lee,
 
 207 Pa. Superior Ct. 370, 217 A. 2d 853 (1966). In that case we affirmed the decision of the lower court in striking off a judgment entered against an additional defendant after only the original defendant took a timely appeal from the arbitrators’ report and award. It was apparent that it was the intention of the appealing party that the appeal was to be effective as to both the defendant and the additional de
 
 *421
 
 fendant and an affidavit to that effect was filed. Furthermore the additional defendant had reimbursed the defendant for one-half of the costs of the appeal.
 
 [2]
 

 Prior to
 
 Hammerman
 
 we decided
 
 Portock v. Philadelphia Transportation Company,
 
 203 Pa. Superior Ct. 385, 198 A. 2d 617 (1964). In that case the arbitrators’ award was in favor of the plaintiff, a passenger on a Philadelphia Transportation Company bus, against the defendant Philadelphia Transportation Company and in favor of defendant Greyhound. Only P. T. C. appealed the award and Greyhound caused judgment to be entered in its favor on the award as soon as the statutory appeal period expired. We affirmed the lower court in striking off that judgment. Our reasoning was that
 
 the appealing
 
 defendant was entitled to have the other defendant’s liability litigated de novo. Or, as we said of
 
 Portock
 
 in
 
 Hammerman
 
 at 373: “a judgment on an award cannot be used to preclude or possibly contradict a jury’s determination of all the issues resolved adversely to an appealing party by the> arbitrators.”
 

 Appellants cannot bring themselves within the
 
 Hammermam,
 
 or
 
 Portock
 
 reasoning. First, there is nothing in the record before us which even suggests that the defendant Abrams, who took the timely appeal, intended to appeal also in behalf of defendant Foster. Sec-' ond, it is the rights and interest of the party who filed a timely appeal that merit protection, not those of the party who did nothing and then belatedly hopes to benefit from the appeal, possibly at the expense of the party who complied with the statutory limitation. We cannot extend the statutory appeal period to aid a de
 
 *422
 
 fendant who waited more
 
 than
 
 two years to object to an arbitration award against it. We find no error in the lower court’s refusal to open or strike the judgment.
 
 [3]
 

 Order affirmed.
 

 [1]
 

 Compulsory arbitration is regulated by the Act of June 16, 1836, P. L. 715, as amended, 5 P.S. §21 et seq.
 
 Klugman v. Gimbel Brothers, Inc.,
 
 198 Pa. Superior Ct. 268, 182 A. 2d 223 (1962).
 

 [2]
 

 Another fact in
 
 Hammerman
 
 was that the
 
 appealing
 
 defendant was entitled to have his contention that the additional defendant was solely liable, a contention decided adversely to him by the arbitrators, litigated de novo in his appeal.
 

 [3]
 

 See
 
 Klugman v. Gimbel Brothers, Inc.,
 
 198 Pa. Superior Ct. 268, 182 A. 2d 223 (1962).