Opinion by
 

 Wright, P. J.,
 

 In this trespass action we are concerned with an appeal by John Romanovich from an order and judgment of the County Court of Philadelphia setting aside a money verdict in his favor and entering judgment only in favor of his minor son, Thomas Romanovich. We will endeavor to summarize the somewhat complicated background of the proceeding.
 

 On August 18, 1964, John Romanovich was the owner and operator of a Chevelle station wagon in which his minor son, Thomas Romanovich, was a passenger. The Romanovich vehicle was involved in an intersectional collision with a Ford sedan owned and operated by John Hilferty, in which Mary Peterson was a passenger. Two trespass actions in the County
 
 *572
 
 Court of Philadelphia ensued. Both Hilferty and his passenger instituted suit against John Romanovich at No. 4661-A December Term 1964. John Romanovich instituted suit on behalf of himself and his minor son against Hilferty at No. 2686-A March Term 1965. In each action the respective operator of the other vehicle was joined as an additional defendant. On motion of counsel for Hilferty, the two cases were consolidated for trial and were assigned to arbitration before the same panel.
 

 On January 19, 1967, the arbitrators filed two separate reports and awards. In the case of Hilferty and his passenger, wherein John Romanovich was defendant and Hilferty additional defendant, there was an award in favor of Mary Peterson in the sum of $675.00 against both defendants, and for Romanovich as against Hilferty. No appeal was taken, and an order was subsequently filed marking this award satisfied. In the case of Thomas and John Romanovich, wherein Hilferty was defendant and John Romanovich additional defendant, there was an award in favor of Thomas Romanovich in the sum of $1,255.00 against both defendants, and for Hilferty as against John Romanovich.
 

 On February 8, 1967, counsel for Hilferty filed an appeal in the action at No. 2686-A March Term 1965, wherein he was original defendant and John Romanovich was additional defendant. The pertinent language used in taking this appeal was as follows (italics supplied) : “Kindly enter my appeal
 
 on behalf of John Hilferty
 
 only, in regard to the award in the matter of Thomas Romanovich, a minor plaintiff v. John Hilferty, defendant and John Romanovich, additional defendant in the above-captioned case”. John Romanovich did not appeal. At the commencement of the trial on April 13, 1967, the trial judge refused a re
 
 *573
 
 quest by Hilferty’s counsel to limit the issue to the liability of Hilferty to Thomas Romanovich, ruling “that this is a matter de novo”. On April 18, 1967, the jury returned a verdict in favor of Thomas Romanovich in the sum of $800.00 against Hilferty alone, for John Romanovich as additional defendant, and in favor of John Romanovich in his own right in the sum of $1,000.00 against Hilferty. Counsel for Hilferty filed motions to arrest judgment on the verdict in favor of John Romanovich in his own right and the verdict in favor of John Romanovich as additional defendant on the ground that no appeal had been taken from those arbitration awards. In an opinion written by the trial judge the court en banc set aside the money verdict in favor of John Romanovich, the verdict in his favor as additional defendant, and entered judgment on the verdict for Thomas Romanovich only. This appeal followed.
 

 Appellant has stated the question involved in this appeal to be: “Does not an appeal by one joint tortfeasor against a report and award of arbitrators render the matter de novo on appeal for all parties?” In our view, this statement oversimplifies the problem. We have before us a situation where a joint tortfeasor expressly limits his appeal to one specific cause of action of the several originally presented to the arbitrators, neither the other tortfeasor nor the plaintiff having appealed. The court below ultimately ruled that, under such conditions, the trial must be limited to the issues raised by this specific appeal.
 

 Initially, we can dispose of appellant’s argument, based upon the requirement of Pa. R. C. P. 2228(b), that the joinder of the action of John Romanovich with that of his minor son, Thomas Romanovich, made them a single cause of action. This is not correct. The joinder is purely procedural, not substantive, Goodrich
 
 *574
 
 Amram, 2228(b)!, and the two rights of action do not merge but remain separate and distinct.
 
 Dellacasse v. Floyd,
 
 332 Pa. 218, 2 A. 2d 860. The trial of the case is conducted as if independent actions between the parties had been consolidated for trial: 5 Standard Pennsylvania Practice 192. Where a joint action is brought by a parent and child for personal injuries to the child, and separate verdicts are rendered, a joint appeal is improper:
 
 Shaw v. Plains Twp.,
 
 270 Pa. 387, 113 A. 410. In cases consolidated for trial, verdicts and judgments remain separate in character:
 
 Sisk v. Duffy,
 
 201 Pa. Superior Ct. 213, 192 A. 2d 251. Separate appeals should be taken from each judgment. See note to
 
 Lemmon v. Bufalino,
 
 204 Pa. Superior Ct. 481, 205 A. 2d 680. In the instant proceeding the arbitrators properly entered separate awards.
 

 Appellant argues that either party may appeal from an award of arbitrators, and that all appeals shall be de novo, citing Section 27 of the Act of June 16, 1836, P. L. 715, as amended, 5 P.S. 71.
 
 [1]
 
 Reliance is placed on two cases in this court, the first of which is
 
 Portock v. P. T. C.,
 
 203 Pa. Superior Ct. 385, 198 A. 2d 617. Therein plaintiff instituted suit in trespass against both P. T. C. and Greyhound. Following an award against P. T. C. and in favor of Greyhound, P. T. C. appealed from both the award against it in favor of the plaintiff and the award in favor of Greyhound. Speaking for the court, Judge Flood said: “This means that the parties shall be the same as they were in the original case and that the case shall be tried afresh by the court”. The
 
 Portoek
 
 case was followed by
 
 Hammerman v. Lee,
 
 207 Pa. Superior Ct. 370, 217
 
 *575
 
 A. 2d 853, wherein the plaintiff brought a trespass action against Robert Lee, an individual, and Robert Lee Pontiac, Inc. The defendant joined Auch Motor Transit Co. as additional defendant. The arbitrators made an award against Robert Lee Pontiac, Inc., and Auch Motor Transport Co. They found in favor of the individual defendant, Robert Lee. We held that an appeal by Robert Lee Pontiac, Inc., brought up all the issues presented to the board of arbitrators, including the individual liability of Robert Lee.
 

 Both
 
 Portock
 
 and
 
 Hammerman
 
 distinguish the earlier case of
 
 Klugman v. Gimbel Brothers, Inc.,
 
 198 Pa. Superior Ct. 268, 182 A. 2d 223. In
 
 Klugman,
 
 action in assumpsit for breach of warranty was instituted against Gimbel Brothers, Inc. Thereafter Anchor Hocking Glass Corporation was joined as additional defendant. The arbitrators made an award in favor of the plaintiff against Gimbel Brothers, and another award against Anchor Hocking in favor of Gimbel Brothers. Anchor Hocking filed an appeal and, after the statutory appeal period had passed, the plaintiff caused judgment to be entered against Gimbel Brothers. We held that the appeal by Anchor Hocking did not make Gimbel Brothers a party appellant. Judge Flood also wrote the opinion for this court in Klugman. In the
 
 Portoch
 
 opinion, Judge Flood distinguished the
 
 Klugman
 
 decision as follows: “But in that case the plaintiff’s judgment against the original defendant became final because it was not appealed by any party within the appeal period. The additional defendant appealed only from the judgment over against it in favor of the original defendant”. Later, in the
 
 Hammerman
 
 case, Judge Jacobs emphasised the distinction that, in the
 
 Klugman
 
 case, “two separate awards were entered by the arbitrators, one in favor of plaintiff against defendant and the other for de
 
 *576
 
 feudant against additional defendant, and the additional defendant appealed from the second award only, leaving the plaintiff’s award unappealed”.
 

 In the case at bar the arbitrators had two causes of action before them, one on behalf of the minor plaintiff in which the father was brought in as an additional defendant, and the other on behalf of the father in his own right. While both arose out of the same accident, they were separate and distinct and separate awards were made. As previously indicated, John Romanovich, the father plaintiff, did not take an appeal from the award in favor of Hilferty, the original defendant. The appeal of Hilferty was expressly limited to the award of the minor plaintiff against him alone. We agree with the court en banc that this appeal cannot be construed as embracing the case of the father plaintiff. As stated in Section 24 of the Act of June 16, 1886, P. L. 715, 5 P.S. 54: “Every award so entered shall have the effect of a judgment, with respect to the party against whom it is made . . . until reversed upon appeal, or satisfied according to law”. An unappealed from award is final and estops the party against whom it is made from proceeding further with the same cause of action. Cf.
 
 Leflar v. Gleba,
 
 76 Montg. 618.
 

 As to the liability of the father, John Romanovich, under the award made by the arbitrators against him and Hilferty in the cause of action wherein Thomas Romanovich, the minor, was plaintiff and the father was joined as an additional defendant, we reach the same result. In the
 
 Hammerman
 
 case, Judge Jacobs pointed out that consideration must be given to what the appellant from the arbitrator’s award actually appealed. As already indicated, Hilferty expressly limited the scope of his appeal. We do not construe either
 
 Portoeh
 
 and
 
 Hammerman
 
 to establish a broad rule re
 
 *577
 
 quiring a re-adjudication of the award insofar as the additional defendant is concerned. In neither case was there any attempt to restrict the nature of the appeal. In
 
 Portoclc
 
 the appeal was actually taken as to all parties. In
 
 Hammerman
 
 the appeal was in blanket form from the “Report and Award of the Arbitrators”, and was intended to be taken for both defendants. It was held that such an appeal necessarily involved all the parties and issues originally before the arbitrators. As pointed out by Judge DiNubile in the present case, “The right to contribution was established by the award of the arbitrators. He [Hilferty] was not required to risk this right which was vested when the time for appeal by the additional defendant had expired”.
 

 The concept of an appeal limited to the rights of only one of several defendants was considered in
 
 Flouders v. Foster, 212
 
 Pa. Superior Ct. 418, 243 A. 2d 146, our most recent decision on the subject. Flouders instituted suit in trespass against Foster and Abrams. The arbitrators made an award in favor of the plaintiff against both defendants. Abrams appealed, but Foster did not. We held that the appeal by Abrams did not carry with it an appeal on behalf of Foster. In his able opinion for this court, Judge Jacobs made the following pertinent statement: “It has long been the law in this Commonwealth that, where a board of arbitrators finds two or more defendants jointly liable, an appeal from the arbitrators’ award taken by only one defendant will not be considered an appeal by all defendants unless it appears that this was the intention of the appealing party”.
 

 Order and judgment affirmed.
 

 [1]
 

 This statute is implemented by County Court Arbitration Rule VI which provides: “Any party may appeal from the action of the Board of Arbitrators to the County Court of Philadelphia . . . (B) All appeals shall be de novo”.