## Matway v. Yates

*Jack H. France,* of *Murphy & France,* for plaintiff.

*John E. Hall,* of *Meyer, Darragh, Buckler, Bebenek & Eck,* for additional defendant.

GLADDEN, J., April 26, 1971.—This matter comes before us on what purports to be an agreement of counsel asking the court to decide who are the proper parties in a de novo hearing resulting from an appeal of an arbitration award.

An accident occurred on January 26, 1970, between an automobile operated by Wilfred Yates and one operated by Richard Matway. Edward Matway was a passenger in the Richard Matway vehicle.

Out of this collision, two suits were filed. These actions were consolidated and were heard by a board of arbitrators on December 8, 1970.

In the first action, at January term, 1970 A.D., no. 298, plaintiff, Edward Matway, sued Wilfred Yates, original defendant. Yates joined Richard Matway as an additional defendant, averring in the alternative the sole or joint liability of Richard Matway to plaintiff.

In the second action, Wilfred Yates sued Richard Matway. The board of arbitrators found for plaintiff, Edward Matway, in the first action and against Wilfred Yates and Richard Matway in the sum of $1,476.

The verdict was for defendant, Richard Matway, in the second action.

Within the 20-day period, Wilfred Yates appealed both decisions and asked for a jury trail. The additional defendant did not take formal steps to appeal the decision in the first action, and we are advised that no agreement existed between Yates and Richard Matway that Yates in appealing was acting on Richard Matway's behalf. Plaintiff did not enter judgment on the arbitrators' award against additional defendant but agreed that this matter be placed before the court so that a proper determination of the parties and issues could be made prior to trial.

The additional defendant now argues that no judgment can be taken against him since the original defendant took a timely appeal which had the effect of placing the entire case before the court for trial de novo. In making this argument, the additional defendant cites the authority of Hammerman v. Lee, et al., 207 Pa. Superior Ct. 370 (1966), to substantiate his position.

Plaintiff, on the contrary, argues that by failing to effect an appeal within the statutory time limit, the additional defendant has waived his right to do so and

a judgment can be entered against the additional defendant in the full amount of the arbitration award. Plaintiff cites the case of Flouders v. Foster et al., 212 Pa. Superior Ct. 418 (1968), as support for this position.

In Hammerman plaintiff sued Robert S. Lee and Robert Lee Pontiac, Inc., to recover $1,800 in damages to plaintiff's automobile sustained while in defendant's possession for repairs. Defendant joined Auch Interboro Transportation Company as an additional defendant claiming that Auch's negligence was the cause of the collision which resulted in the damages. A board of arbitration filed an award for plaintiff as against the original defendant, Pontiac, Inc., and the additional defendant, Auch, jointly and severally.

Within the 20-day period, an appeal was taken by defendant, Pontiac, Inc. No appeal was taken by Auch within that time and upon the expiration of 20 days, a judgment was entered against Auch.

The additional defendant moved to strike the judgment.

The lower court ordered that the judgment be stricken and plaintiff appealed.

The Superior Court in sustaining the lower court said, at page 372:

"To decide this case we must consider what Robert Lee Pontiac, Inc. appealed from in filing its timely appeal. The notice of appeal states that 'it appeals the Report and Award of the Arbitrators.' In making their report and award, the arbitrators necessarily resolved the following issues: the plaintiff was entitled to recover; Robert Lee Pontiac, Inc. was liable; Auch was not solely liable; there was to be contribution between Auch and Robert Lee Pontiac, Inc.; Robert S. Lee was not liable; and plaintiff was not liable to Robert Lee Pontiac, Inc. on its counterclaim. The appeal of Robert

Lee Pontiac, Inc. from the 'Report and Award' questions the correctness of all these decisions."

Further the court says, at page 373:

"Here, although Robert Lee Pontiac, Inc. the defendant, did not state specifically in its appeal that it was appealing from the award against the additional defendant, the appeal must have this effect since the arbitrators' finding of joint and several liability was adverse to defendants' contention that Auch was solely liable. As in Portock,[1] a judgment on an award cannot be used to preclude or possibly contradict a jury's determination of all the issues resolved adversely to an appealing party by the arbitrators."

Applying the language of the Superior Court to our facts, we may conclude that the arbitration herein necessarily resolved the following issues: Plaintiff, Edward Matway, was entitled to recover; Wilfred Yates was liable; Richard Matway was not solely liable; there was to be contribution between Yates and Richard Matway; Yates as a plaintiff was not entitled to recover against Richard Matway, defendant in the second action. The appeal of Yates from the arbitration award questions the correctness of all these decisions. Here, as in Hammerman, the arbitrators' award was contrary to Yates' contention that Richard Matway, the additional defendant, was solely liable in the first action. Again as in Hammerman, to disallow the appeal of the additional defendant would "preclude or possibly contradict a jury's determination of all the issues resolved adversely to an appealing party by the arbitrators."

We believe that it was on this reasoning that the

---

"[1] Portock vs. Philadelphia Transportation Company, 203 Pa. Superior Ct. 385 (1964)."

court in Hammerman acted to sustain the lower court in striking the judgment and not for the reason that the additional defendant paid a proportionate share of the costs of appeal and filed an affidavit of his intention to have the appeal effective as to both the original defendant and the additional defendant.

Plaintiff relies on Flouders which he claims precludes the additional defendant from riding in on the coattails of the original defendant's appeal. Our reading of this case brings to light certain facts which we regard as distinguishing it from Hammerman. In Flouders the award was made against two original defendants. One defendant appealed the award and the other did not. Judgment was entered against defendant who allowed the statutory appeal period to pass.

Flouders involved two defendants who appear in the case at the behest of plaintiff. We do not have the situation where an original defendant is, by his own pleading, making allegations in the alternative as to the sole or joint liability of an additional defendant. The original defendant's right to prove sole liability on the part of one who was brought on the record by him should remain.

In our case and in Hammerman, an additional defendant is on record because the original defendant, who claims liability over, brought him there. The original defendant should not be precluded from proving the sole liability of the additional defendant in a de novo hearing.

Further, we find support for our position in the Flouders' decision at 421:

". . . it is the rights and interest of the party who filed a timely appeal that merit protection, not those of the party who did nothing and then belatedly hopes

to benefit from the appeal, possibly at the expense of the party who complied with the statutory limitation."

We must consider, therefore, the rights and interest of Yates who perfected his appeal and afford him the opportunity to prove at a de novo trial the sole liability of the additional defendant, Richard Matway, as well as affording him the opportunity of establishing Richard Matway's negligence in Yates' own suit.

For the reasons set forth above, we enter the following:

## ORDER

And now, April 26, 1971, the appeal from the award of the board of arbitration in the above actions, as consolidated, shall be tried de novo before the court and all those who were parties before the arbitrators shall be parties at the trial.