**Saraco v. Mercy Catholic Medical Center**

*Daniel I. Murphy,* for plaintiffs.

*Howard R. Detweiler,* for Picker X-Ray Corporation, defendant.

HIRSH, J., August 22, 1973.—On November 14, 1969, plaintiffs filed suit in this court to recover for injuries sustained when an x-ray machine fell on Lucrezia Saraco while she was a patient in the Mercy Catholic Medical Center. After extensive discovery, the case went to arbitration and on April 20, 1974, an award was entered in favor of plaintiff, Lucrezia Saraco, against defendants, Mercy Catholic Medical Center and Picker X-Ray Corporation in the amount of $6,500, and in favor of additional defendant, Keleket Division Laboratory for Electronics, Inc. Consequently on May 16, 1972, defendant, Mercy Catholic Medical Center, filed a timely appeal from the arbitrators' award with this court. However, defendant, Picker X-Ray Corp., did not file an appeal and, one year later, plaintiff entered judgment against Picker X-Ray Corp. based on the arbitration award. Now, Picker X-Ray Corp. petitions this court to strike that judgment alleging that the appeal of Mercy Catholic Medical Center is an appeal of the total arbitration award, including the award against Picker X-Ray Corp.

Picker X-Ray Corp. places great reliance on the decisions in Flouders v. Foster, 212 Pa. Superior Ct. 418, 243 A. 2d 149 (1968), and Hammerman v. Lee, 207 Pa. Superior Ct. 370, 217 A. 2d 853 (1966). In both of these cases, the Pennsylvania Superior Court faced the same issue as the one presently before this court. However, neither supports Picker X-Ray Corp.'s claim that Mercy Catholic Medical Center's appeal should be considered an appeal of both defendants.

The Hammerman and Flouders cases involved appeals in which one defendant appealed an arbitration award against two jointly liable defendants. However, in both of these cases, defendant who did not

appeal paid one-half of the costs of the appeal and communicated to the appealing defendant his intention that the appeal be effective as to both defendants. Consequently, the Pennsylvania Superior Court in Flouders, supra, at page 420, said that "where a board of arbitrators finds two or more defendants jointly liable, an appeal from the arbitrators' award taken by only one defendant will not be considered an appeal by all defendants unless it appears that this was the intention of the appealing party."

Here defendant, Picker X-Ray Corp., did not pay one half of the costs of the appeal nor did it communicate to Mercy Catholic Medical Center any intention that the appeal be effective as to both defendants. (See affidavit of counsel for Mercy Catholic Medical Center attached to plaintiffs' answer to defendant's petition). Furthermore, in Fante v. Philadelphia Transportation Company, 222 Pa. Superior Ct. 276, at 277, 294 A. 2d 776 (1972), the Pennsylvania Superior Ct. held that "[i]t is settled law that the mere appeal of one defendant in compulsory arbitration is of no avail to another defendant, so that a judgment entered after the lapse of appeal time will not be opened or stricken."

Moreover, Picker X-Ray Corp.'s argument that the execution on the judgment may subject it to greater liability than the law provides for a joint tortfeasor was also considered in the Fante decision. There, the Pennsylvania Superior Court held that the question of whether the judgment should be executed or stayed was not before the appellate court or the lower court since petitioner only sought to open or strike the judgment, not stay an execution. Consequently, the Pennsylvania Superior Court in that case refused to overrule the lower court's order dismissing the petition to strike the judgment and in keeping with that precedent, this

court hereby dismisses Picker X-Ray Corp.'s petition to strike the judgment against it.

Accordingly, it is, therefore, ordered that the petition of defendant, Picker X-Ray Corporation to strike plaintiff's judgment against it is dismissed.