## Johnson v. Wilson

*George P. Long,* for plaintiff.
*John J. Seehousen,* for defendant.

TAKIFF, J., November 5, 1973.—This matter is presently before the court on defendant's motion for judgment on the pleadings.

Adele Johnson and Samuel Wilson were the operators of motor vehicles which were involved in an intersectional collision on May 23, 1970. As a result of that accident, two trespass actions were instituted:

1. The present action, Adele Johnson v. Samuel Wilson, December term, 1970, no. 255.

2. Samuel and Ella Wilson v. Johnson, January term, 1971, no. 1710.

These actions were consolidated and heard by a panel of three arbitrators under the compulsory arbitration program. In the case where Johnson was defendant, the arbitrators rendered an award in favor of plaintiff Wilson in the amount of $2,000. Johnson, represented by counsel for her insurance company, did not appeal the award and judgment was entered on the award. In the present action, the arbitrators determined against Johnson qua plaintiff and in favor of Wilson qua defendant. Johnson, represented by independent counsel, appealed. Wilson interposed the defense of res judicata, based on the judgment in the case which was not appealed, and moved for judgment on the pleadings.

The issue presented to the court for decision is whether the unappealed arbitrarors' award is res judicata to the appeal filed in the instant case.

Plaintiff Johnson argues that res judicata is inapplicable to the present situation, because the issues have not been litigated by a court of competent jurisdiction. This is not a proper objection to application of the doctrine of res judicata: 20 P. L. Encyc. 414 §274, recites: "A decision need not be by a court of record to be res judicata. The doctrine of res judicata has been applied to decisions of aldermen, justices of the peace, arbitrators, and auditors."

In Danziger v. Williams, 91 Pa. 234 (1879), an action to recover the first quarter's rent under an alleged parol lease was submitted to arbitration wherein defendant argued successfully that he did not lease or occupy the premises. The award was not appealed. When plaintiff brought another action for the

second quarter's rent, the court held the arbitrators' award res judicata, saying, at 91 Pa. 235:

"The award having been in favor of the defendant, and no appeal therefrom, it becomes a judgment, and is as conclusive upon the parties as any other form of judgment. The defense set up was one that went to the entire cause of action. That question having been once determined by a competent tribunal, it cannot be inquired into again."

Finally, the statute which provides for compulsory arbitration reads:

"Every award so entered shall have the effect of a judgment, with respect to the party against whom it is made, from the time of the entry thereof, and shall be a lien upon his real estate": Act of June 16, 1836, P. L. 715, 5 PS §54.

Thus, an arbitrators' award from which an appeal is not taken becomes as binding upon the parties, upon entry of judgment on the award, as the judgment of a court. In the situation here presented, judgment was entered on the award against Johnson qua defendant on July 2, 1973. The same issues having been considered and decided in that case as are here presented, that judgment is res judicata to the present action between the identical parties.

Application of the doctinre of res judicata to this action does not deprive plaintiff of her right to trial de novo. Plaintiff seeks to have the benefit of an appeal in which she runs absolutely no risk of increased liability and stands to gain a judgment in her favor. On the other hand, defendant, who has already won a judgment, has all risk and nothing to gain. Athough Johnson qua defendant was represented by her insurance carrier, she must bear responsibility for its decision not to appeal. If she had wanted to appeal this action and the insurance carrier had refused to appeal

the other action, she should have notified it of her desire to appeal, her decision not to have her insurance coverage apply, or her intent to hold it responsible for foreclosing her appeal in the present case.

The situation here presented is capable of arising in any case where consolidated cross actions are determined by arbitrators. To say that a disappointed party can stand protected by its insurance carrier on an award entered by arbitrators while appealing only the decision against it qua plaintiff would render the arbitration process much less sure and expeditious and would put the parties on appeal in grossly disproportionate positions as to risk and gain potential. In these situations, a party is entitled to a trial de novo on appeal from an arbitrators' award, but it must appeal both the awards or run the risk of foreclosing its appeal by application of the doctrine of res judicata.

The motion for judgment on the pleadings is granted and judgment entered in favor of defendant.