## Maluantonio et al. v. Malantonio et al.

*Francis T. Dennis,* for plaintiffs.
*William H. Pugh, IV,* for original defendant.
*Gilbert P. High, Jr.* and *Richard S. March,* for additional defendants.

HONEYMAN, *J.*, August 13, 1974—This action is for personal injuries sustained by plaintiffs, Nicola Maluantonio and Michael Malantonio, while passengers in an automobile operated by defendant, Carlo Maluantonio, on December 17, 1968. Defendant's automobile collided with an automobile which was being operated by additional defendant, Carmen Tyson, while on the business of additional defendant, Shanahan and Company. This vehicle was leased by Shanahan from additional defendant, Discount Rental Service. The accident occurred at the intersection of Third and Race Streets in Philadelphia, and both drivers claim to have had the green light.

A panel of arbitrators tried the case on March 7, 1973, and awarded Nicola Maluantonio $600. and Michael Malantonio $1400. This award was against both defendant and additional defendants. On March 26, 1973, additional defendants filed an appeal from the report and award of arbitrators, together with the necessary certification and affidavit. On May 18, 1973, additional defendants

filed an order to enter judgment in favor of plaintiffs against only the original defendant. On June 7, 1973, original defendant filed a motion to strike and/or open judgment and to quash appeal. The matter was not argued before the court en banc until May 28, 1974, because counsel did not file a praecipe therefor until January 25, 1974.

In support of his contention that the judgment in favor of plaintiffs and against defendant only should be stricken and/or opened, original defendant cites this court to the case of Hammerman v. Lee, 207 Pa. Superior Ct. 370 (1966). The additional defendants, on the other hand, point to this case and others following it and claim that by reason thereof, the judgment as to the original defendant should be based upon the award of arbitrators. For reasons which appear hereafter, we are of the opinion that the judgment against original defendant in this case should be stricken and the issue of his liability resolved in the ultimate disposition of the appeal from the award of arbitrators.

In the Hammerman case, plaintiff brought suit in trespass arising out of a motor vehicle accident against an original defendant and an additional defendant. Verdict was entered for plaintiff and against both defendants, and defendant alone appealed. Plaintiff entered judgment against additional defendant, who then moved to strike the judgment, which motion was granted by the court of common pleas, and thereafter affirmed by the Superior Court. At page 373 the court said:

"[A]lthough . . . defendant did not state specifically in its appeal that it was appealing from the award against the additional defendant, the appeal must have this effect since the arbitrators' finding of joint and several liability was adverse to defendants' contention that [additional defendant]

was solely liable . . . a judgment on an award cannot be used to preclude or possibly contradict a jury's determination of all the issues resolved adversely to an appealing party by the arbitrators."

By the above language, the Superior Court reasoned that the appeal must necessarily be considered as to all matters decided against the appellant and, since one of those matters was the joint liability of the non-appealing party whom the appealing party had contended was solely liable, that matter should be litigated in the de novo trial. In other words, an appeal from arbitration should not be a vehicle by which the basic issues of liability should be permitted to be fragmented to benefit the party who appeals rather than permitting the decision of the arbitrators to definitively resolve the matter. That result would apply in the instant case if we were to adopt the additional defendants' position. Here, the arbitrators decided adversely to the additional defendants' contention that defendant was alone liable to plaintiffs. We will not permit this appeal to insulate the additional defendants from the possible decision that they are alone liable to plaintiff. Obviously, the original defendant should have the option of taking a joint tortfeasor's release from plaintiff, if plaintiff and original defendant are so disposed. However, it would certainly seem anomalous to permit the additional defendants to cast the die in that regard.

It is true, as additional defendants contend, that the case of Flouders v. Foster, 212 Pa. Superior Ct. 418 (1968) (which involved an appeal by one of two defendants who had been held jointly liable by arbitrators) pointed out that it is the rights of the party who filed a timely appeal that merit protection, not those of a party who did nothing. But in that case, the Superior Court refused to allow the original ap-

peal to carry the second appeal with it precisely because the non-appealing party waited over two years to attempt to open judgment and then only because plaintiff had taken that long to enter judgment on the award of the arbitrators. In the instant case, it was the appealing parties who entered judgment on the award, and they did so within two months of the close of the statutory period for appeal. This is not the situation where a party sits on its rights for two years and then belatedly hopes to benefit from the appeal of the vigilant party, possibly at the expense of the vigilant party. Instead, we have one party defendant who was content to pay his share of the award as determined by the arbitrators, and other party defendants who were not. Equitable principles demand that the entire issue of liability as to all parties be re-litigated unless otherwise amicably settled.

## ORDER

And now, August 13, 1974, the original defendant's motion to strike and/or open judgment and to quash appeal is granted in part; the judgment as to the original defendant is ordered stricken; the court administrator is directed to list this case for trial as to all parties and issues upon praecipe being filed.