# Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Ronis

*Thomas J. Renehan*, for plaintiff.
*Joseph D. Shein*, for defendant.

SPORKIN, *J.*, December 19, 1975—This matter is before us pursuant to a petition by Merrill Lynch, Pierce, Fenner and Smith, Inc. (plaintiff) to strike a judgment entered following an award by a panel of arbitrators in favor of Dr. Bernard Ronis (defendant), and against plaintiff. The relevant facts are summarized as follows:

On March 1, 1974, plaintiff, a stockbroker and member of the New York Stock Exchange, engaged in the business of buying, selling and dealing in corporate stocks and securities for customers, filed a complaint in assumpsit (February term, 1974, no. 4760) against defendant, alleging: that on or about December 28, 1973, defendant, then a customer of plaintiff, ordered plaintiff to sell for him and on his account 1,800 shares of corporate stock of the Englehard Minerals and Chemicals Company; that plaintiff executed the order to sell at a price of $13-7/8 per share; that defendant thereafter refused and failed to deliver the said 1,800 shares to plaintiff to consummate the sale, and also to pay plaintiffs' commission earned thereby; that because of defendant's failure to deliver the stock in question, plaintiff, in order to complete the sale which it had negotiated, was forced on January 11, 1974, to purchase on the open market at a higher price 1,800 shares of the same corporate company; and that by virtue of losing its commission and having to purchase the 1,800 shares at a higher

price, it sustained a loss of $6,441.34 on the transaction.

Defendant, in his answer and new matter, admitted having ordered the sale of stock, but averred that upon learning that information furnished to him by plaintiff regarding benefits that would accrue to him as a result of the proposed stock sale was wholly inaccurate, he cancelled the order to sell before plaintiff had consummated the sale; defendant further averred that any loss suffered by plaintiff was due to plaintiff's own misconduct in proceeding to sell the stock after receiving defendant's cancellation order. Furthermore, defendant also counterclaimed for the return to him of the balance of the account which plaintiff maintained for him and which plaintiff refused to release to him, said balance amounting to $2,612.44. In plaintiff's reply to the new matter, plaintiff denied having received notice of any cancellation prior to actually effectuating a sale of the stock in question.

Pursuant to our Compulsory Arbitration Rules in Philadelphia County, this matter was tried before an arbitration panel on August 26, 1975. The report and award of the arbitration panel, which was filed on September 11, 1975, made the following award: "For plaintiff against defendant in the amount of $6,441.34 and for defendant on its [sic] counterclaim against plaintiff in the amount of $2,612.44."

On October 1, 1975, defendant filed a timely appeal from the award of the arbitration panel as to the principal claim *only* (the $6,441.34), and on October 3, 1975, defendant filed a praecipe to enter judgment *only* on the counterclaim award in his

favor (the $2,612.44).[1] Thereafter, on October 21, 1975, plaintiff filed the petition to strike the judgment entered on the counterclaim award which, as heretofore stated, is now before us.

Plaintiff argues in support of its petition that, since appeals from arbitration awards shall be "de novo" (Philadelphia Compulsory Arbitration Rule VI(B)), defendant may not selectively appeal only one portion of the arbitration award and simultaneously enter judgment on the other portion of the arbitration award. Upon consideration of the petition, answer, and the respective briefs of counsel, we believe that plaintiff's position is without merit, and that the petition must be denied.

The general rule is that an appeal filed by one party from an arbitration award will be deemed an appeal of the entire award: Washik v. Chase, 231 Pa. Superior Ct. 378, 332 A. 2d 481 (1974). The rationale behind this general rule that the appeal of one party should necessarily raise the appeal of all parties is the doctrine of res judicata, since any defense set up by one of the parties generally goes to the entire cause of action: Danziger v. Williams, 91 Pa. 234 (1879), cited with approval in Johnson v. Wilson, 64 D. & C. 2d 253 (1970). To avoid the possibility of inconsistent verdicts resulting from split considerations of two different aspects of the *same cause of action,* the doctrine of res judicata has been held applicable to any adjudication by a court of competent jurisdiction[2] where the cause of ac-

1. It should be noted that no appeal was taken by plaintiff from the $2,612.44 award entered on the counterclaim against it and in favor of defendant.

2. A hearing before an arbitration panel is considered an adjudication by a court of competent jurisdiction: Johnson v. Wilson, 64 D. & C. 2d 253 (1970).

tion, the thing sued for, the persons and parties to the action, and the quality or capability in persons for or against whom the claim is made are all identical: *Stahl v. Hilderhoff*, 432 Pa. 179, 182, 247 A. 2d 582, 583 (1968); cited with approval in *Martin v. Poole*, 67 D. & C. 2d 575 (1974). Where such identities exist, any appeal must be of the entire cause of action; similarly, any judgment entered must be of the entire cause of action: *Danziger, supra.*

Where, however, one or more of the res judicata elements is absent, an exception is made to the general rule that an appeal from an arbitration award necessarily raises an appeal of the entire award. For example:

". . . where an arbitration panel finds two or more defendants jointly liable, an appeal from the arbitrators' award taken by only one defendant will not be considered an appeal by all defendants unless it appears that this was the intention of the appealing party.": *Romanovich v. Hilferty*, 212 Pa. Superior Ct. 570, 577, 245 A. 2d 701, 705 (1968). Accord: *Flouders v. Foster*, 212 Pa. Superior Ct. 418, 243 A. 2d 146 (1968).

The rationale for such an exception is that the appeal by an additional defendant on the issue of its joint liability is actually an appeal from a cause of action and subsequent award *separate and distinct* from the principal cause of action of plaintiff against the original defendant. In such a case, the original defendant will not be permitted to benefit from the appeal by the additional defendant while having failed to appeal the principal award against itself.

Similarly, where separate and distinct causes of action lie in two different plaintiffs, a defendant

may appeal only one award: Romanovich, supra, and Flouders, supra. In Romanovich, two plaintiffs, a father and a minor son, sued in trespass for damages arising from a motor vehicle collision. While both causes of action arose out of the same accident, each was separate and distinct, and separate awards were made to each plaintiff and against defendant by an arbitration panel. Defendant appealed only the minor's award. The Romanovich court held that the award in favor of the father, which was not appealed, was final and the father was, therefore, entitled to enter judgment, reasoning, at 212 Pa. Superior Ct. 576, that:

"An unappealed from award is final and estops the party against whom it is made from proceeding further with the same cause of action. Cf. Leflar v. Gleba, 76 Montg. 613."

In the instant case, the arbitration panel also had two separate and distinct causes of action before it, and also made two separate and distinct awards. Clearly, had it so desired, plaintiff could have appealed from the award against it in favor of defendant. Thus, under the Romanovich reasoning, plaintiff is estopped from barring entry of judgment in the award made in favor of defendant.

The "de novo" argument advanced by plaintiff is clearly unfounded and without merit. In Flouders, supra, at 212 Pa. Superior Ct. 421, the Pennsylvania Superior Court construed the arbitration appeals "de novo" provision to mean that *the appealing* defendant [is] entitled to have the other defendant's liability litigated de novo." (Emphasis in original.) The logic underlying the Flouders construction of the "de novo" provision is that ". . . it is the rights and interest of the party who filed a timely appeal that merit protection, not those of the

party who did nothing . . ." and we find this reasoning controlling in the petition at bar. There is no basis for penalizing defendant by barring his selective appeal or his selective entry of judgment simply because plaintiff has chosen not to do the same. It is manifest in this case that no res judicata problem is presented, for it is entirely possible that plaintiff and defendant could each consistently prevail in one cause of action. Indeed, the award of the arbitration panel effectuated such a result. The causes of action of plaintiff and defendant qua plaintiff, while arising out of the same contractual relationship, are clearly *separate and distinct.*

Accordingly, we enter the following

### ORDER

And now, to wit, December 19, 1975, it is hereby ordered that plaintiff's petition to strike judgment entered in favor of defendant on arbitration award is denied and dismissed.