## Portock v. Philadelphia Transportation Co. (et al., Appellant).

Argued December 10, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Albert S. Shaw, Jr.,* with him *Montgomery, Mc-Cracken, Walker & Rhoads,* for appellant.

*Emil F. Toften,* for appellee.

OPINION BY FLOOD, J., March 19, 1964:

The plaintiff, a passenger on a PTC bus, was injured in a collision between that bus and an Eastern Greyhound bus. She brought this suit against both companies. It was heard by a panel of arbitrators who, on February 18, 1963, awarded her $350 against the defendant PTC alone and made an award in favor

of the defendant Greyhound. On February 26, PTC appealed from both the award against it in favor of the plaintiff and the award in favor of Greyhound. On March 19, Greyhound caused judgment to be entered upon the award in its favor against the plaintiff, and then filed a "disclaimer and disavowal of participation in appeal".

On May 1, PTC filed a third-party complaint against Greyhound asserting that Greyhound's negligence was a contributing cause of the accident and that it is jointly liable or liable over to PTC for the plaintiff's losses and injuries. Greyhound filed preliminary objections to this third-party complaint averring that the third-party complaint was not filed within 60 days of service of the initial pleading upon the original defendant and no appeal was taken by the plaintiff from the award of the arbitrators against the plaintiff in favor of Greyhound so that judgment on the award is final and res judicata as to any claim against Greyhound.

The court below dismissed Greyhound's objections because Rule VI of the Arbitration Rules of the County Court of Philadelphia under which the case was tried provides: "Any party may appeal from the action of the Board of Arbitrators to the County Court of Philadelphia . . . . (B) All appeals shall be de novo." The court held that the matter was before it de novo, the proceedings before the arbitrators were completely superseded, and the parties were before it as in the original suit. In accordance with this reasoning, the court struck from the record the judgment in favor of Greyhound. The court further held that since Greyhound was already a defendant in the original action it could not be joined as an additional defendant, and that the case should proceed to trial on the plaintiff's amended complaint against the two bus companies as co-defendants.

Under these circumstances the only substantial question before us is whether or not the judgment entered in favor of Greyhound on the arbitrator's award makes the matter res judicata or establishes the law of the case as to Greyhound so that it cannot be compelled to litigate the question of its liability a second time. In our opinion the court below correctly disposed of this matter. Rule VI(B.) of that court provides that the appeal shall be de novo. This means that the parties shall be the same as they were in the original case and that the case shall be tried afresh by the court.

The appellant relies upon our decision in *Klugman v. Gimbel Brothers, Inc.,* 198 Pa. Superior Ct. 268, 182 A. 2d 223 (1962). But in that case the plaintiff's judgment against the original defendant became final because it was not appealed by any party within the appeal period. The additional defendant appealed only from the judgment over against it in favor of the original defendant. No appeal was taken by anyone against the plaintiff within the appeal period. The judgment for the plaintiff against the original defendant after the time for appeal had passed became res judicata and only the issue between the original defendant and the additional defendant was open for decision upon the appeal.

Here the defendant PTC filed a timely appeal from the judgment, in which it had an obvious interest, relieving Greyhound from liability to the plaintiff. The judgment in favor of Greyhound never became final, and PTC's appeal rendered the whole matter de novo in the county court. The rule in the *Klugman* case has no application.

Neither the plaintiff's failure to appeal against Greyhound nor Greyhound's entry of judgment against the plaintiff can deprive PTC, which has taken a timely appeal, of its right to a jury trial of the issue as to

whether Greyhound is jointly or solely liable for the plaintiff's injuries.

Order affirmed.