Hammerman, Appellant, *v.* Lee.

Argued December 14, 1965. Before Ervin, P. J., Wright, Watkins, Montgomery, and Jacobs, JJ. (Flood and Hoffman, JJ., absent).

*Mary Bell Hammerman,* for appellant.

*Albert R. Subers,* for appellee.

*Edward A. Sawin, Jr.,* with him *Pepper, Hamilton & Scheetz,* for appellee.

OPINION BY JACOBS, J., March 24, 1966:

Plaintiff sued Robert S. Lee and Robert Lee Pontiac, Inc. to recover $1800 in damages to plaintiff's automobile sustained while in the defendant's possession for repairs. Defendants joined Auch Inter-Borough Transit Company as additional defendant alleging that Auch's negligence caused a collision which resulted in the damages. The action was submitted to a board of arbitrators in accordance with rules of the County Court of Philadelphia adopted pursuant to the Act of June 16, 1836, P. L. 715, as amended, 5 P.S. §21 et seq. On March 16, 1965, after a hearing, the arbitrators filed an award for the plaintiff in the amount of $1800 against the defendant, Robert Lee Pontiac, Inc., and the additional defendant, Auch Inter-Borough Transit Company, jointly and severally, but not against Robert S. Lee, and further made a finding for the plaintiff on the counterclaim of the defendant, Robert Lee Pontiac, Inc. On March 24, 1965, well within the twenty days allowed for an appeal, the defendant, Robert Lee Pontiac, Inc., filed an appeal to the County Court of Philadelphia. No appeal was taken on behalf of the additional defendant and on April 6, 1965, as soon as the twenty days within which an appeal could be taken had passed, the plaintiff entered judgment against the additional defendant. On April 14, 1965, the additional

defendant filed a petition to strike the judgment entered against it. The plaintiff filed an answer, and on June 16, 1965 the court below discharged the rule. Counsel for the defendants and the additional defendant then filed an affidavit to the effect that it was their intention that when the appeal was filed it was to be effective as to the original defendant and the additional defendant, both of whom desired to appeal, and that in fact the additional defendant reimbursed Robert Lee Pontiac, Inc. for one-half of the costs of the appeal. On June 28, 1965, the court below, upon the basis of this affidavit, vacated the order of June 15, 1965, and struck the judgment from the record. The plaintiff appeals the striking off of his judgment against the additional defendant.

To decide this case we must consider what Robert Lee Pontiac, Inc. appealed from in filing its timely appeal. The notice of appeal states that "it appeals the Report and Award of the Arbitrators." In making their report and award, the arbitrators necessarily resolved the following issues: the plaintiff was entitled to recover; Robert Lee Pontiac, Inc. was liable; Auch was not solely liable; there was to be contribution between Auch and Robert Lee Pontiac, Inc.; Robert S. Lee was not liable; and plaintiff was not liable to Robert Lee Pontiac, Inc. on its counterclaim. The appeal of Robert Lee Pontiac, Inc. from the "Report and Award" questions the correctness of all these decisions. This appeal was taken before the plaintiff entered judgment against the additional defendant, so that at the time judgment was entered, the proceedings before the arbitrators were superseded and the matter was before the court de novo. Thus the judgment was improperly entered and was then properly stricken by the court below.

The decision and reasoning in *Portock v. Philadelphia Transportation Company*, 203 Pa. Superior Ct.

385, 198 A. 2d 617 (1964), govern the case at bar. In *Portock* the plaintiff was a passenger on a P.T.C. bus and was injured in a collision between that bus and a Greyhound bus. The plaintiff sued both companies and the arbitrators gave her an award against P.T.C. alone and made an award in favor of Greyhound. P.T.C. appealed from both the award against it in favor of the plaintiff and the award in favor of Greyhound. After the appeal had been filed, Greyhound caused judgment to be entered upon the award in its favor against the plaintiff. The court below, the County Court of Philadelphia, as it is in this case, struck off the judgment in favor of Greyhound and held that the matter was before it de novo, the proceedings before the arbitrators were completely superseded, and the parties were before it as in the original suit. This court affirmed. Here, although Robert Lee Pontiac, Inc., the defendant, did not state specifically in its appeal that it was appealing from the award against the additional defendant, the appeal must have this effect since the arbitrators' finding of joint and several liability was adverse to defendants' contention that Auch was solely liable. As in *Portock*, a judgment on an award cannot be used to preclude or possibly contradict a jury's determination of all the issues resolved adversely to an appealing party by the arbitrators.

The appellant urges that this case is controlled by *Klugman v. Gimbel Brothers, Inc.*, 198 Pa. Superior Ct. 268, 182 A. 2d 223 (1962). We do not agree with the appellant because in that case two separate awards were entered by the arbitrators, one in favor of plaintiff against defendant and the other for defendant against additional defendant, and the additional defendant appealed from the second award only, leaving the plaintiff's award unappealed. The opinions in *Klugman* and *Portock* were written by the late Judge FLOOD of this court, and in *Portock* he distinguishes *Klugman*

in the following language: "But in that case the plaintiff's judgment against the original defendant became final because it was not appealed by any party within the appeal period. The additional defendant appealed only from the judgment over against it in favor of the original defendant. No appeal was taken by anyone against the plaintiff within the appeal period." Here the defendant filed a timely appeal from the report and award in favor of the plaintiff. Thus an appeal against the plaintiff was taken within the appeal period.

Since the case shall be tried de novo before the court below, all those who were parties before the arbitrators shall be parties at the trial. See *Portock,* supra.

Order affirmed.

HOFFMAN, J., took no part in the consideration or decision of this case.