Delmarmol *v.* Fidelity and Deposit Company of Maryland, Appellant.

Argued June 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Raymond T. Cullen, Jr.,* with him *Morgan, Lewis & Bockius,* for appellant.

*John J. Cahill, Jr.,* with him *J. Gindhart,* and *Cahill, Cahill & Lynch,* for appellee.

OPINION BY JACOBS, J., September 19, 1973:

Once again we are asked to determine the effect of an appeal by one defendant from the decision of a board of arbitrators in a compulsory arbitration case.[1]

Plaintiff below had a floater insurance policy with Fidelity and Deposit Company of Maryland, appellant herein, insuring, inter alia, a mink coat. The coat having been lost, plaintiff brought suit against appellant for the insured value of the coat. It appearing from a letter and the pleadings that the plaintiff had pledged the coat as collateral for a bail bond posted on behalf of a friend of hers, the appellant joined as additional defendants two persons allegedly connected with the

---

[1] Compulsory arbitration as involved in the present case is regulated by various provisions of the Act of June 16, 1836, P. L. 715, and amendments thereto, 5 P.S. §1 *et seq. See Klugman v. Gimbel Bros.,* 198 Pa. Superior Ct. 268, 182 A.2d 223, *allocatur refused,* 198 Pa. Superior Ct. xxix (1962).

For a discussion of the effect of an appeal by one of several parties from a decision of a board of arbitrators, see 1 B. Laub, Pennsylvania Trial Guide §18.5 (Feldman rev. 1973).

bonding precedure and H. Clark-Furrier, to whom the coat had been delivered for safekeeping. On May 8, 1972, the arbitrators entered an award in favor of plaintiff in the amount of $4,500 against appellant and in favor of appellant over against H. Clark-Furrier in the amount of $4,500; they exonerated the two individuals allegedly associated with the bonding procedure. On May 10, 1972, H. Clark-Furrier appealed from the award to the court of common pleas. Appellant did not appeal within the statutory 20 days allowed for an appeal,[2] and on June 2, 1972, plaintiff entered judgment against appellant. The court below refused to strike or open the judgment, hence this appeal.

Appellant contends that the appeal of the additional defendant reopened all issues necessarily resolved by the arbitrators in the case and that, therefore, the liability of appellant was at issue before the court of common pleas and judgment could not be entered against it. Unfortunately for appellant, this case is controlled by our decisions in a number of prior cases. See *Fante v. Philadelphia Transportation Co.,* 222 Pa. Superior Ct. 276, 294 A.2d 776 (1972) (mere appeal by one defendant from compulsory arbitration decision held not to carry with it appeal of second defendant who had not appealed within required time); *Romanovich v. Hilferty,* 212 Pa. Superior Ct. 570, 245 A.2d 701 (1968) (appeal by original defendant, intended to be limited in scope to arbitrators' award against him in favor of plaintiff, held not to carry with it appeal by additional defendant-joint tortfeasor or second plaintiff with separate cause of action); *Flouders v. Foster,* 212 Pa. Superior Ct. 418, 243 A.2d 146 (1968) (appeal by one of two defendants who had been held jointly liable by arbitrators held not to carry with it appeal for second de-

---

[2] Act of June 16, 1836, P. L. 715, §27, *as amended,* 5 P.S. §71.

fendant in absence of appearance of intention by appealing defendant to appeal for both) ; and *Klugman v. Gimbel Brothers,* 198 Pa. Superior Ct. 268, 182 A.2d 223, *allocatur refused,* 198 Pa. Superior Ct. xxix (1962) (appeal from arbitrators' decision by additional defendant, who had been held liable over to original defendant on warranty theory, in case in which original defendant had been held liable to plaintiff for breach of warranty on sold product, held not to carry with it appeal for original defendant). The present appeal has been taken by the additional defendant alone. The original defendant has shown no indication, in any way, of an intention by the appealing party to appeal on its behalf; nor is there any indication that the original defendant had intended the appeal to be brought for its benefit. Under the circumstances, it must be held that the only issue of liability preserved by the appeal was that of the additional defendant.

The cases of *Hammerman v. Lee,* 207 Pa. Superior Ct. 370, 217 A.2d 853 (1966), and *Portock v. Philadelphia Transportation Co.,* 203 Pa. Superior Ct. 385, 198 A.2d 617 (1964), are distinguishable from the present one and do not help the appellant. In *Hammerman,* the Court held that an appeal by an original defendant from an arbitrators' decision carried with it an appeal by an additional defendant, where the two parties had been held jointly and severally liable in tort, where it appeared by affidavit that the additional defendant had reimbursed the appealing party for part of the appeal costs and had been intended to be included in the appeal, where the appeal was in blanket form from an award for the plaintiff, and where the original defendant had alleged in pleading that the additional defendant was solely liable to the plaintiff. In the case at bar, no understanding is asserted between the parties as to the scope of the appeal; no intention of the appealing

party in that regard can be inferred from its pleadings; and no identity of party in favor of whom the arbitrators decided against the appealing and nonappealing parties exists. In short, the factors in *Hammerman* justifying an expansive construction of the appeal are lacking in the case at bar. Indeed, the opinion in *Hammerman* expressly distinguished that case from one like the present in which an appeal by an additional defendant from an award over against it in favor of an original defendant is alleged to carry with it an appeal by the original defendant from the plaintiff's award.

*Portock* turned on the fact that the defendant expressly appealed from the award against it and also from the decision in favor of the other defendant. The timely appeal from the decision relieving the other defendant from liability to the plaintiff kept that issue alive for jury trial. In this case no appeal was taken by any party from the award against the appellant and *Portock* does not apply.

On its facts, the case at bar strongly resembles *Klugman v. Gimbel Brothers,* 198 Pa. Superior Ct. 268, 182 A.2d 223, *allocatur refused,* 198 Pa. Superior Ct. xxix (1962). The pertinent facts of that case are well summarized in an opinion by President Judge WRIGHT, *Romanovich v. Hilferty,* 212 Pa. Superior Ct. 570, 575, 245 A.2d 701, 704 (1968): "In Klugman, action in assumpsit for breach of warranty was instituted against Gimbel Brothers, Inc. Thereafter Anchor Hocking Glass Corporation was joined as additional defendant. The arbitrators made an award in favor of the plaintiff against Gimbel Brothers, and another award against Anchor Hocking in favor of Gimbel Brothers. Anchor Hocking filed an appeal and, after the statutory appeal period had passed, the plaintiff caused judgment to be entered against Gimbel Brothers. We held that the appeal by Anchor Hocking did not make Gimbel Broth-

ers a party appellant." In a passage which must be considered dispositive of the present case, Judge FLOOD stated in *Klugman*: "It may be that Anchor Hocking [additional defendant and party appealing from arbitrators' decision] ha[d] an appealable interest as to the plaintiff's award . . . . But this did not make Gimbels [original defendant and party seeking to be included in appeal], whose rights and liabilities were distinct and different from those of Anchor Hocking, a party appellant in that appeal, as to which it was already an appellee, and no order could be entered on that appeal affecting the rights of the plaintiff and Gimbel inter se." *Klugman v. Gimbel Bros.*, supra at 276, 182 A.2d at 227. The order of the lower court in the present case, refusing to strike or open the judgment against the original defendant, which had not appealed from the arbitrators' decision, must be affirmed.

Order affirmed.

