## Washik *v.* Chase (et al., Appellant).

Argued March 26, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Edward R. Paul,* with him *Joseph G. Manta,* and *LaBrum and Doak,* for appellant.

*Melvin Alan Bank,* with him *John J. D'Angelo,* and *Bank & Minehart,* for appellee.

*Charles A. Harad,* with him *Frank X. O'Brien,* and *Steinberg and Girsh,* for appellees.

OPINION BY SPAETH, J., December 11, 1974:

The issue in this case is a narrow one: In a compulsory arbitration case,[1] where one defendant loses and another wins, what is the effect of an appeal by the defendant who loses so far as the defendant who wins is concerned?

---

[1] *See* Act of June 16, 1836, P.L. 715, §8.1, added Jan. 14, 1952, P.L. (1951) 2087, §1, as amended July 22, 1955, P.L. 270, §1; May 17, 1957, P.L. 147, §1; June 20, 1957, P.L. 336, §1; June 24, 1959, P.L. 477, §1; July 31, 1968, P.L. 888, No. 266, §1; Dec. 2, 1968, P.L. 1141, No. 356, §1; July 29, 1970, P.L. 639, No. 214, §1; July 9, 1971, P.L. 220, No. 42, §1; June 30, 1972, P.L. 500, No. 159, §1; 5 P.S. §30 (Supp. 1974-75). This statute is implemented in Philadelphia County by the Rule for Compulsory Arbitration, Rule 1, adopted September 21, 1971, as amended to March 1, 1974.

This litigation arose out of an accident in which an automobile driven by the plaintiff, Leonard Washik, was struck in the rear by a truck. In the first count of his complaint Washik alleged negligence on the part of Ward and Cromie, Inc., the owner of the truck, George Chase, its driver, International Harvester Co., Inc. (appellant), the manufacturer of the truck, and Bendix-Westinghouse Automotive Air-Brake Co., the manufacturer of its brakes; in a second count he alleged strict liability on the part of International and Bendix. Bendix cross-claimed against Ward & Cromie and Chase; no cross-claim was filed against International.

The arbitration resulted in the following "Report and Award of Arbitrators:" "In favor of plaintiff in the amount of $7,000. and against the defendants CHASE and WARD & CROMIE, INC. In favor of defendants INTERNATIONAL HARVESTER CO., INC. and BENDIX-WESTINGHOUSE AUTOMOTIVE AIR-BRAKE CO., and against the plaintiff." Ward & Cromie and Chase then filed in the Court of Common Pleas of Philadelphia an appeal "from the Report and Award of Arbitrators." No other appeals were filed. After the statutory period for filing an appeal had expired, appellant filed a motion to confirm the arbitrators' award and for entry of judgment in its favor and against the plaintiff. Judge HIRSH denied the motion, holding that the appeal filed by Ward & Cromie and Chase acted with respect to the arbitrators' entire award, including appellant's victory over the plaintiff. We agree and affirm.

Rule VI(B) of the Philadelphia Rules for Compulsory Arbitration provides that all appeals from arbitration awards will be *de novo*. This rule has been cited as supporting both appellees and appellant. On behalf of appellees it is contended that *"de novo"* means "that upon appeal the parties [must] be in the same

position that they were in the original case . . . ." Appellee Washik's Brief at 8. Appellant contends (as we understand its position) that *"de novo"* means that at the trial level the case must be regarded as though it had never existed before. So regarded, the case at the trial level is between the plaintiff and the two defendants who appealed. Those two defendants are not in an adversary relationship to appellant. The plaintiff sued appellant originally, and could have appealed the arbitrators' award against him and in appellant's favor. Since he did not, appellant is no longer in the case.

This argument about the implication of *"de novo"* is unprofitable. The case is virtually identical to *Portock v. Phila. Trans. Co.,* 203 Pa. Superior Ct. 385, 198 A.2d 617 (1964). There the plaintiff sued PTC and Greyhound Bus Lines in trespass; the two defendants made no claim against each other. In the arbitration PTC lost, while Greyhound won. PTC appealed "both awards," and this court affirmed the holding of the court below that this appeal made Greyhound a party to the trial *de novo.* "Neither the plaintiff's failure to appeal against Greyhound nor Greyhound's entry of judgment against the plaintiff can deprive PTC, which has taken a timely appeal, of its right to a jury trial of the issue as to whether Greyhound is jointly or solely liable for the plaintiff's injuries." *Id.* at 388-89, 198 A.2d at 619. So here, the plaintiff's failure to appeal against appellant and Bendix cannot deprive Ward & Cromie and Chase of their right to try to show at the trial *de novo* that the accident occurred not because of their negligence but because the truck or its brakes were defective.

The only distinction appellant has attempted to make between *Portock* and the present case is that in *Portock* the appealing party appealed from "both awards" while Ward & Cromie and Chase did not. If

indeed they did not the distinction might be valid. However, the "Report and Award of Arbitrators" contained two sentences, the first an award "[i]n favor of plaintiff . . . and against the defendants CHASE and WARD & CROMIE, INC.," and the second an award "[i]n favor of defendants INTERNATIONAL HARVESTER CO., INC. and BENDIX-WESTING-HOUSE AUTOMOTIVE AIR-BRAKE CO. and against the plaintiff." Thus the arbitrators in fact made two awards, even though they referred only to an "Award." There is no difference between an appeal from "both awards," as in *Portock,* and an appeal from an "Award [which on its face consists of two awards]."[2]

The order of the court below is affirmed.

---

[2] Appellant has cited several cases in which it is demonstrated that the parties on the appeal need not necessarily be the same as in the arbitration. These cases are however not on point in that in all of them one of the losing defendants in the arbitration had failed to appeal. Since another defendant in the arbitration (who had been held liable over to the non-appealing defendant) had appealed, the non-appealing defendant attempted to have the judgment entered against it stricken on the theory that the other defendant's appeal acted as an appeal for it as well. This argument has been consistently rejected, the general rule being that "where a board of arbitrators finds two or more defendants jointly liable an appeal from the abritrators' award taken by only one defendant will not be considered an appeal by all defendants unless it appears that this was the intention of the appealing party." *Romanovich v. Hilferty,* 212 Pa. Superior Ct. 570, 577, 245 A.2d 701, 705 (1968). *Accord, Delmarmol v. Fidelity and Deposit Co. of Md.,* 225 Pa. Superior Ct. 90, 310 A.2d 363 (1973); *Fante v. Phila. Trans. Co.,* 222 Pa. Superior Ct. 276, 294 A.2d 776 (1972); *Flouders v. Foster,* 212 Pa. Superior Ct. 418, 243 A.2d 146 (1968); *Hammerman v. Lee,* 207 Pa. Superior Ct. 370, 217 A.2d 853 (1966) (applying the exception based on the appellant's intent); *Klugman v. Gimbel Bros., Inc.,* 198 Pa. Superior Ct. 268, 182 A.2d 223 (1962).