Mitchell *v.* Pittsburgh et al., Appellants.

120

Argued November 15, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joseph A. Fricker, Jr.*, Assistant City Solicitor, with him *Mead J. Mulvihill, Jr.*, City Solicitor, for appellants.

*Francis V. Sabino*, for appellee.

OPINION BY HOFFMAN, J., March 31, 1975:

Appellants contend that the lower court erred in refusing to vacate the judgment entered against appellant Harry E. Stockline pursuant to an award of arbitrators, where it appeared that appellant City of Pittsburgh had taken a timely appeal from the award of arbitrators with the intent that it be effective for both parties.

Appellee, plaintiff below, was allegedly injured in a collision with a truck driven by appellant Stockline, an employee of the City of Pittsburgh who was driving a truck owned by the City of Pittsburgh, on the night of January 21, 1971. Appellee alleges that appellant Stockline operated the truck in a negligent manner; appellant City of Pittsburgh can only be liable vicariously under the theory of respondeat superior. In November, 1972, appellee brought an action in trespass in the Court of Common Pleas of Allegheny County. At a pretrial conference, the parties agreed to submit the case to arbi-

tration, and on January 4, 1974, the case was ordered to arbitration pursuant to the Act of June 16, 1836, P.L. 715, §8.1, added January 14, 1952, P.L. (1951) 2087, §1, as amended, 5 P.S. §30. On April 22, 1974, a panel of three arbitrators entered an "award for plaintiff in the amount of $6,000 against both defendants." On May 13, 1974, appellant City of Pittsburgh took an appeal "from the award of the Arbitrators." On May 17, 1974, appellee entered a judgment of $6,000 against appellant Stockline on the award of the arbitrators. A notice of judgment was mailed the same day. On May 22, 1974, appellants prepared a petition to vacate the judgment and allow an appeal nunc pro tunc. This petition and appellee's answer were presented to the lower court, which denied the motion on June 10, 1974.[1] This appeal followed.

When an appeal is taken from an arbitration conducted pursuant to the Act of June 16, 1836, supra, §8.1, the party appealing is entitled to a jury trial de novo. Act of June 16, 1836, supra, as amended, §27(V), 5 P.S. §71(V). This right to a jury trial de novo is mandated by the Pennsylvania Constitution, Art. I, sec. 6. *Smith Case*, 381 Pa. 223, 112 A. 2d 625 (1955), appeal dismissed, 350 U.S. 858. In order to maintain the appealing party's right to a jury trial on all issues involved in the case, his appeal may in certain cases carry with it

---

1. Appellee makes reference in its brief to the fact that appellants' petition was not formally filed until the day after the lower court entered its order. Nevertheless, appellee responded to this petition with its own unfiled answer, and the court below issued an order and opinion on the merits after considering the two unfiled petitions. As appellee apparently waived this procedural defect below, it cannot take advantage of it on appeal. Both the petition and answer have been incorporated in the record presented to this Court, by stipulation of the parties. The question of whether the appellants should specifically have petitioned the lower court for a rule on appellee to show cause why the judgment should not be stricken has not been raised on appeal.

other parties to the arbitration who have not technically filed appeals. See, e.g., *Washik v. Chase,* 231 Pa. Superior Ct. 378, 332 A. 2d 481 (1974) ; *Portock v. Philadelphia Transportation Co.,* 203 Pa. Superior Ct. 385, 198 A. 2d 617 (1964).

"It has long been the law in this Commonwealth that where a board of arbitrators finds two or more defendants jointly liable, an appeal from the arbitrators' award taken by only one defendant will not be considered an appeal by all defendants *unless it appears that this was the intention of the appealing party." Flouders v. Foster,* 212 Pa. Superior Ct. 418, 420, 243 A. 2d 146, 147 (1968) (emphasis supplied).[2] See also *Washik v. Chase,* supra, 231 Pa. Superior Ct. at 382, n. 2, 332 A. 2d at 483, n. 2. When a timely appeal has been filed by one of the joint defendants, and it appears that it was his intention that the appeal carry with it another defendant who had not filed a timely appeal, the lower court, on motion, should strike a judgment entered on the arbitration award against the non-appealing defendant and allow that defendant to participate in the trial de novo. *Hammerman v. Lee,* 207 Pa. Superior Ct. 370, 217 A. 2d 853 (1966). The record below indicates that appellant City of Pittsburgh intended its appeal to include the appeal of appellant Stockline and that the principle of *Hammerman v. Lee,* supra, should apply. Here, as in *Hammerman,* the party appealing from the arbitration filed an affidavit stating that it intended its appeal to be effective for both parties. The arbitrators made only one award against both defendants, and the appealing party took its appeal from "the award of the arbitrators." In *Hammerman,* additional evidence of the appealing defendant's intent to carry with it the second defendant was provided by the two defendants sharing the cost of the appeal. Here, both defendants were represented by

---

2. Note that it is the intent of the *appealing* party which is critical.

the same attorneys from the Pittsburgh solicitor's office, who, in taking this appeal from the arbitration, presumably intended to act in the interest of both appellants.[3] As the appeal in the instant case was taken before appellee entered judgment against appellant Stockline, "at the time judgment was entered, the proceedings before the arbitrators were superseded and the matter was before the court de novo. Thus the judgment was improperly entered" and should have been stricken by the lower court. *Hammerman v. Lee,* supra, 207 Pa. Superior Ct. at 372, 217 A. 2d at 854.

The order of the lower court is reversed and the case remanded for further proceedings consistent with this opinion.

WATKINS, P.J., and JACOBS, J., dissent.

––––––––––

CONCURRING OPINION BY PRICE, J.:

I must respectfully disagree with the Majority's rationale. The case law concerning appeals nunc pro tunc from compulsory arbitration is rapidly complicating this area of jurisprudence. Our courts have stated: "[i]t is settled law that the mere appeal of one defendant in compulsory arbitration is of no avail to another defendant, so that a judgment entered after the lapse of appeal time will not be opened or stricken." *Fante v. Philadelphia Transportation Company,* 222 Pa. Superior Ct. 276, 277, 294 A.2d 776 (1972). However, this general rule is weakened by exceptions developed on a case by case basis. These exceptions have been less than clear, leading to uncertain results. This method is not calculated to promote uniformity nor to insure equal and fair treat-

––––––––––

3. Appellee argues, without citing any authority, that although municipalities need not pay costs or post bond when appealing from an arbitration, their employees must do so. The lower court, on remand, may order the payment of such additional appeal costs as may be due.

ment for all. I believe a far better approach would be to establish the rule that an appeal by one party from compulsory arbitration acts as an appeal by all parties on all issues.

A review of the record indicates that appellee-plaintiff brought suit for damages against the City of Pittsburgh (City) and Harry E. Stockline, a City employee. The complaint arose when appellee's car was struck by a City truck attempting to make a U-turn. The truck was driven by Stockline. The case was submitted to arbitration and on April 22, 1974, appellee received an award for $6,000 against both defendants. Subsequently, an appeal was filed by the City, but no appeal was filed for Harry E. Stockline. On May 17, 1974, judgment was entered on the award for appellee-plaintiff against defendant Stockline. An unfiled petition to vacate judgment and for leave to appeal nunc pro tunc was then presented to the court by defendant Stockline. The lower court denied the petition, and defendant then filed his petition and appealed.

As indicated above, the decisions to date have tended to look with disfavor upon defendants who have not appealed within the statutory period, but who nevertheless base their right to be joined in a trial de novo on the fact that another defendant *has* perfected his appeal. The courts have largely refused to accept the notion that an appeal by one party acts as an appeal by all parties. *See Delmarmol v. Fidelity and Deposit Company of Maryland,* 225 Pa. Superior Ct. 90, 310 A.2d 363 (1973) ; *Fante v. Philadelphia Transportation Company, supra; Flouders v. Foster,* 212 Pa. Superior Ct. 418, 243 A.2d 146 (1968); *Romanovich v. Hilferty,* 212 Pa. Superior Ct. 570, 245 A.2d 701 (1968) ; *Klugman v. Gimbel Brothers, Inc.,* 198 Pa. Superior Ct. 268, 182 A.2d 223 (1962).

Notwithstanding the general rule, this court has stated the very broad exception that appeals by one of several defendants will operate as appeals by all defendants where it appears that this was the intention of the

appealing party, *See Leinwand v. John Wanamaker of Philadelphia, Inc.,* 226 Pa. Superior Ct. 251, 312 A.2d 72 (1973). Even the case of *Flouders v. Foster, supra,* which refused to allow the single appeal to operate for the benefit of all defendants, recognized this exception. The reasons given by the *Flouders* court for not applying the exception are inapposite to the present case. The court there stated that there was nothing in the record which even suggested the appeal was for all defendants and the non-appealing defendant waited more than two years to complain about the judgment entered against it.

In the instant case, the complaint against the City was based on the theory of respondeat superior, and counsel for the City also represented defendant Stockline. Under such circumstances, it is reasonable to conclude that the appeal was intended for both defendants. Also, defendant Stockline, through the City's attorneys, presented a timely petition to vacate the judgment and file an appeal nunc pro tunc. These facts should bring the present case within the ambit of the general exception.

In addition, this court allowed the appeal of a defendant to operate also as an appeal by additional defendant in *Hammerman v. Lee,* 207 Pa. Superior Ct. 370, 217 A.2d 853 (1966). In that case, the plaintiff's judgment, entered against the additional defendant who failed to file a timely appeal, was stricken. The various defendants filed an affidavit stating that their intention was that the single appeal would operate as to all of them and that additional defendant had paid one half the appeal costs. In addition, the court determined that the appeal must apply to all because the arbitrators' finding of joint and several liability was adverse to defendants' contention that additional defendant was solely liable.

In *Portock v. Philadelphia Transportation Company,* 203 Pa. Superior Ct. 385, 198 A.2d 617 (1964), this court also allowed a single appeal to operate for the benefit of all defendants. The court based its decision on an interpre-

tation of Rule VI B of the Arbitration Rules of the County Court of Philadelphia which provides that appeals from the Board of Arbitrators shall be de novo, interpreting that to mean that the parties shall be the same as they were in the original case and that the case shall be tried anew by the court on appeal. This court reasoned that since a timely appeal has been filed, the judgment in favor of additional defendant never became final.

These cases point out the problems facing our courts when we deal with this type of appeal from compulsory arbitration. We should not condone and support practices which are unnecessarily confusing and inconsistent. A change to a system wherein one *timely* appeal from a compulsory arbitration award includes all parties and issues in the appeal would not work a hardship on any party. All involved would get their "day in court," and all issues would be reviewed by the court on appeal. Any time one party makes a timely appeal from a compulsory arbitration award, the result should be a trial de novo involving all parties.

As does the Majority of the court, in the instant case, I too would reverse the order of the lower court and allow the appeal to apply to all parties.