## Gasper v. Granovitz

*Morton B. DeBroff,* for plaintiff.
*Stuart E. Savage,* for defendant.

FINKELHOR, *J.,* June 30, 1976—The above petition is before the court on a rule to show cause why an appeal taken by defendant from an arbitration award should not be reinstated or, alternatively, to show cause why plaintiff should not be allowed to file an appeal nunc pro tunc.

The arbitration was held pursuant to Local Rules 301-306, and the award in the amount of $838 was made March 3, 1975. An appeal was filed by defendant on March 20, 1975. No appeal was taken by plaintiff.

On June 2, 1976, upon an ex parte motion of counsel for defendant, the court (Wekselman, *J.*) permitted defendant to withdraw the appeal. On June 18, 1976, plaintiff filed the within petition to reinstate the appeal or allow the appeal nunc pro tunc.

Local Rule 306, which governs appeals from compulsory arbitration in the Fifth Judicial District (Allegheny County), provides, in pertinent part, as follows:

"Any party may appeal from the action of the Board of Arbitration to the Court of Common Pleas of Allegheny County. The right of appeal shall be subject to the following conditions, all of which shall be complied with within twenty (20) days after the award of the Board is filed with the Deputy Prothonotary for Arbitration."

In addition, Local Rule 306 provides for bond, the payment of record costs and arbitrators' fees and that an appeal should be de novo. The rules themselves do not include any provision or procedure governing the withdrawal of an appeal once filed.

However, as an appeal from an arbitration award is heard de novo, plaintiff would have the same right to discontinue the action as in any other proceedings: Pa.R.C.P. 229. See also Pa.R.A.P. 1973. This was permitted in the instant case by order of Wekselman, *J.*

The question then becomes: If one party is permitted to withdraw an arbitration appeal, does the opposing party have a right to file an appeal nunc

pro tunc more than a year after the original award? We think not.

In the recent case of Mitchell v. Pittsburgh et al., 233 Pa. Superior Ct. 119, 335 A. 2d 403 (1975), the Superior Court summarized the previous case law on the status of joint defendants while the appeal has been by one defendant as follows:

"'It has long been the law in this Commonwealth that where a board of arbitrators finds two or more defendants jointly liable, an appeal from the arbitrators' award taken by only one defendant will not be considered an appeal by all defendants *unless it appears that this was the intention of the appealing party.*'" (Emphasis in original.)

Obviously, it was not the intent of defendant, the appealing party in this case, to protect the interest of plaintiff. As noted in the concurring opinion in Mitchell, supra, Judge Price advocated a new approach which would permit an appeal filed by one of the parties to serve as an appeal by all parties on all issues. However, this procedure has not been established either by local rule or appellate decision.

Based upon the present state of our procedure, absent the exception set forth in Mitchell, each party carries the responsibility for his/her own appeal from compulsory arbitration. Where a party fails to protect his rights and relies on an appeal filed by an adversary, the decision of the adversary to withdraw the appeal does not confer new rights upon the non-appealing party.

## ORDER

And now, June 30, 1976, upon the petition of plaintiff to reinstate the arbitration appeal or to

allow an appeal nunc pro tunc, and after considera-
tion of oral argument and briefs of counsel, it is
hereby ordered that said rule is denied.