384 A.2d 952

**Margaret M. Brown WERNER**

**v.**

**SPRINGFIELD DODGE, INC., and Chrysler Corporation.**

**Appeal of SPRINGFIELD DODGE, INC.**

Superior Court of Pennsylvania.

Submitted Sept. 21, 1977.

Decided April 13, 1978.

John J. Robinson, Upper Darby, for appellant.

George J. Giunta, Jr., Media, for appellee, Werner.

William V. Coleman, Philadelphia, for appellee, Chrysler Corp.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This is an appeal from the order of the lower court refusing to open the judgment entered against appellant Springfield Dodge, Inc., pursuant to an award of arbitrators. We affirm.

Appellee Margaret M. Brown Werner, plaintiff below, filed a complaint in assumpsit against Springfield Dodge, Inc., and Chrysler Corporation on February 21, 1974. The case was referred to arbitration,[1] and on June 1, 1976, an award was entered for appellee in the amount of $3,460.70 against both defendants. On June 20, 1976, Chrysler filed a timely appeal from the arbitrators' award and paid the costs

1. Compulsory arbitration is provided for by the Act of June 16, 1836, P.L. 715, § 8.1 added January 14, 1952, P.L. (1951) 2087, § 1, *as amended,* 5 P.S. § 30 (Supp.1977–78).

in connection therewith. No appeal, however, was taken by Springfield Dodge.

Subsequently, on August 26, 1976, appellee notified appellant of her intention to institute execution proceedings. Appellee filed a praecipe for a writ of execution, and the writ was issued on September 20, 1976. Accordingly, the Sheriff of Delaware County levied against appellant's property.

Appellant filed its petition to open judgment on November 3, 1976, alleging, *inter alia,* that it had relied upon Chrysler's appeal as being an appeal of the entire action. This appeal followed Judge Labrum's order of February 10, 1977, denying that petition.

"It has long been the law in this Commonwealth that where a board of arbitrators finds two or more defendants jointly liable, an appeal from the arbitrators' award taken by only one defendant will not be considered an appeal by all defendants, *unless it appears that this was the intention of the appealing party.*" *Flouders v. Foster,* 212 Pa.Super. 418, 420, 243 A.2d 146, 147 (1968) (Emphasis supplied.) See also *Mitchell v. Pittsburgh,* 233 Pa.Super. 119, 335 A.2d 403 (1975); *Hammerman v. Lee,* 207 Pa.Super. 370, 217 A.2d 853 (1966). Here, the arbitrators made only one award against both defendants, and Chrysler took its appeal from "the award of the arbitrators." However, counsel for Chrysler filed an affidavit,[2] dated August 24, 1976, in which the following language appears:

"4. that upon instructions from my client I filed an appeal from the award of arbitrators on behalf of Chrysler Corporation only;

"5. that the appeal on behalf of Chrysler Corporation was filed within the appropriate time period;

"6. that the defendant, Springfield Dodge, did not pay ½ of the appeal costs;

"7. that counsel for Springfield Dodge did not communicate to me any intention to appeal on behalf of Spring-

2. Appellee attached this affidavit to her answer to the petition to open judgment.

field Dodge or to have the appeal on behalf of Chrysler Corporation be effective in favor of Springfield Dodge;

"8. that counsel for Springfield Dodge was advised on June 16, 1976, of my intention to file an appeal on behalf of Chrysler Corporation;

"9. that on June 18, 1976, counsel for Springfield Dodge advised my office that there were no record costs which would have to be paid by Chrysler Corporation to Springfield Dodge in order to perfect Chrysler Corporation's appeal; and

"10. that at no time was it ever my intention to file an appeal on behalf of Springfield Dodge or have the appeal filed on behalf of Chrysler Corporation to be effective as an appeal on behalf of Springfield Dodge."

Since the present record clearly indicates that Chrysler did not intend its appeal to include that of appellant Springfield Dodge, we find no error in the lower court's refusal to open judgment.[3]

Order affirmed.

PRICE, J., files a dissenting opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

PRICE, Judge, dissenting:

Once again, I must dissent from the majority's view that the scope of an appeal from compulsory arbitration should be narrowly confined. The issue raised in this case is quite simply, when one of multiple parties to an arbitration appeals, which of the non-appealing parties are to be included in the review?

*Klugman v. Gimbel Bros. Inc.,* 198 Pa.Super. 268, 182 A.2d 223 (1962), laid down the general rule by which the majority is guided. In that case, an additional defendant was held liable over to the original defendant for the plaintiff's

---

3. For an exhaustive consideration of the effect of an appeal by only one of several parties in a compulsory arbitration case, see Oler, Compulsory Arbitration in Pennsylvania, 48 Pa.B.A.Q. 557 (1977).

damages. An appeal was filed by the additional defendant. The plaintiff subsequently had judgment entered against the original defendant. The lower court granted the original defendant the right to participate in the appeal, and the plaintiff tried her case de novo. On appeal, this court reversed the lower court's orders dismissing the plaintiff's exceptions to the trial judge's decision in favor of the original defendant and entering judgment for that defendant. We held that the award against the original defendant was final since he had not appealed nor been made a party to the additional defendant's appeal.

Many cases have since held that an appeal by one party to an arbitration does not include other parties in the case. *E. g., Ottaviano v. SEPTA,* 239 Pa.Super. 363, 361 A.2d 810 (1976); *Delmarmol v. Fidelity and Deposit Co. of Md.,* 225 Pa.Super. 90, 310 A.2d 363 (1973); *Fante v. Philadelphia Transp. Co.,* 222 Pa.Super. 276, 294 A.2d 776 (1972). In other situations, the *Klugman* rule has been found not to control the case. *E. g., Mitchell v. Pittsburgh,* 233 Pa.Super. 119, 335 A.2d 403 (1975); *Washik v. Chase,* 231 Pa.Super. 378, 332 A.2d 481 (1974); *Hammerman v. Lee,* 207 Pa.Super. 370, 217 A.2d 853 (1966).

This court has permitted an appeal by one defendant to operate as an appeal by all where that appeared to be the intention of the appealing party. *Mitchell v. Pittsburgh, supra* (an affidavit on record stating the intended scope of the appeal, one attorney representing both defendants during the arbitration, and captioning the appeal "appeal from 'the award of the arbitrators' "); *Hammerman v. Lee, supra* (a sharing of the costs of filing the appeal and an affidavit of intention). Other rules which the court has formulated are that where there are separate awards, an appeal from one does not constitute an appeal from all, *Romanovich v. Hilferty,* 212 Pa.Super. 570, 245 A.2d 701 (1968); *Klugman v. Gimbel Bros. Inc., supra,* and that if one defendant states that the appeal is to operate as his alone, it will be held to do so. *Romanovich v. Hilferty, supra.*

In the past, I have stated my opposition to the promulgation of so many rules which unnecessarily complicates the simple issue presented in these cases. In *Mitchell v. Pittsburgh, supra,* a trespass action, the arbitrators awarded plaintiff recovery against the city and its employee. We held that the city's appeal would include the employee, so that a trial de novo as to all parties was granted. I proposed in my concurring opinion that the current rule, that an appeal by one party to compulsory arbitration does not constitute an appeal by all, should be abandoned. The confusion and uncertainty engendered by the rule and its numerous exceptions should be brought to an end. I again recommend that an appeal by one party from compulsory arbitration should be treated as an appeal by all parties, embracing all issues. This would result in a true trial de novo on appeal, as granted by the Arbitration Act of 1836.[1] This rule would ensure fairness to all parties and would promote speed in final resolution of arbitrated cases.

1. The Act of June 16, 1836, P.L. 715, § 27, *as amended* [5 P.S. § 71(V)].