385 A.2d 554

Scott BERKEY and Leo Dafner

v.

Mark PULIAFICO

v.

Scott BERKEY, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 22, 1977.

Decided April 13, 1978.

120

Harry R. Ruprecht, Pittsburgh, with him Homer W. King, Pittsburgh, for appellant.

S. Asher Winikoff, Pittsburgh, with him Rosenberg, Kirshner & Kaleugher, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Judgment affirmed.

PRICE, J., files a dissenting opinion in which VAN der VOORT, J., joins.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

PRICE, Judge, dissenting:

On November 10, 1972, an automobile accident occurred involving Scott Berkey's car and a vehicle driven by Mark Puliafico. Berkey and his passenger, Leo Dafner, brought suit against Puliafico, alleging negligent and reckless driving. Berkey was joined as an additional defendant, and he was represented by separate counsel in that capacity. On September 5, 1975, the case was ordered to proceed in the Arbitration Division of the Allegheny County Court, pursu-

ant to the Arbitration Act of 1836, as amended.[1] A panel of arbitrators heard the case on March 22, 1976, and awarded Dafner $2,000.00 against both the original and the additional defendants.

The board found in favor of Puliafico on appellant Berkey's claim against him. On April 12, 1976, a timely appeal was filed by Scott Berkey in accordance with section 27 of the Arbitration Act.[2] Puliafico's counsel motioned for an order granting Dafner judgment against both defendants. On November 29, 1976, the prothonotary was ordered to enter judgment. This appeal followed.

The issue which the instant case presents has been raised on numerous occasions before this court, and I find the varied results most disturbing. The issue simply stated is, when one of several parties to an arbitration appeals, which of the non-appealing parties are also to be included in the review? A rule was generally laid down in *Klugman v. Gimbel Bros., Inc.*, 198 Pa.Super. 268, 182 A.2d 223 (1962).

1. The Act of June 16, 1836, P.L. 715, § 8.1, *added* January 14, 1952, P.L. (1951) 2087, § 1, *as amended by* the Act of October 18, 1975, P.L. 409, No. 113, § 1 [5 P.S. § 30].

2. Section 27 provides:

"Either party may appeal from an award of arbitrators, to the court in which the cause was pending at the time the rule or agreement of reference was entered, under the following rules, regulations and restrictions, viz.:

I. The party appellant, his agent, or attorney, shall make oath or affirmation, that 'it is not for the purpose of delay such appeal is entered, but because he firmly believes injustice has been done.'

II. Such party, his agent, or attorney, shall pay all the costs that may have accrued in such suit or action.

III. The party, his agent, or attorney, shall enter into the recognizance hereinafter mentioned.

IV. Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket.

V. In all cases under section 8.1 hereof, any party appealing shall first repay to the county the fees of the members of the board of arbitrators herein provided for, but not exceeding fifty per cent of the amount in controversy. The balance of the arbitrator's fees shall be absorbed and paid by the county. Such fees shall not be taxed as costs or be recoverable in any proceeding. *All appeals shall be de novo.*" 5 P.S. § 71 (emphasis added).

In that case, the additional defendant was held liable over to the original defendant for the plaintiff's damages. The additional defendant filed an appeal and the plaintiff subsequently had judgment entered against the original defendant. The lower court permitted the original defendant to join in the appeal and the plaintiff had to try her case de novo. On appeal, we reversed the orders of the lower court dismissing the plaintiff's exceptions to the decision of the trial judge in favor of the original defendant and entering judgment for that defendant. We held that the award against the original defendant was final since he had not appealed nor been made a party to the additional defendant's appeal.

Following the *Klugman* decision, this court has found in a number of cases that an appeal by one party to an arbitration does not constitute an appeal by any other party in the case. *See, e. g., Ottaviano v. SEPTA,* 239 Pa.Super. 363, 361 A.2d 810 (1976); *Delmarmol v. Fidelity and Deposit Co. of Md.,* 225 Pa.Super. 90, 310 A.2d 363 (1973); *Fante v. Philadelphia Transp. Co.,* 222 Pa.Super. 276, 294 A.2d 776 (1972); *Romanovich v. Hilferty,* 212 Pa.Super. 570, 245 A.2d 701 (1968); *Flouders v. Foster,* 212 Pa.Super. 418, 243 A.2d 146 (1968). In some situations, however, the court has chosen to ignore the general rule. *See, e. g., Mitchell v. Pittsburgh,* 233 Pa.Super. 119, 335 A.2d 403 (1975); *Washik v. Chase,* 231 Pa.Super. 378, 332 A.2d 481 (1974); *Hammerman v. Lee,* 207 Pa.Super. 370, 217 A.2d 853 (1966); *Portock v. Philadelphia Transp. Co.,* 203 Pa.Super. 385, 198 A.2d 617 (1964).

In cases involving multiple defendants, the court has permitted an appeal by one defendant to operate as an appeal by all where that was the intention of the appealing party. Recognized indicia of the intent are an affidavit on record by the parties stating the intended scope of the appeal, *Mitchell v. Pittsburgh, supra; Hammerman v. Lee, supra;* a sharing of the costs of filing the appeal, *Hammerman v. Lee, supra* ; one attorney representing both defendants during the arbitration, *Mitchell v. Pittsburgh, supra* ; and magically captioning the appeal "appeal from the award of the arbitrators," *Mitchell v. Pittsburgh, supra.*

Other rules which the court has formulated when confronted with the issue are: where there are several awards, an appeal from one does not constitute an appeal from all, *Romanovich v. Hilferty, supra; Klugman v. Gimbel Bros., Inc., supra*; where one defendant states that the appeal is to operate as his alone, it will be held to do so. *Romanovich v. Hilferty, supra.*

I have stated my opposition to the propagation of this myriad of rules which unduly complicates a very simple issue. In *Mitchell v. Pittsburgh, supra*, a trespass action, the arbitrators awarded plaintiff recovery against both the city and its employee. This court held that the city's appeal carried with it the employee, so that a trial de novo as to all parties was warranted. In my concurring opinion in that case, I proposed that the current rule, that an appeal by one party to an arbitration does not constitute an appeal by all, should be abandoned. The exceptions that have been delineated render the issue confused and the results uncertain. I recommended that an appeal by one party from compulsory arbitration should be treated as an appeal by all parties touching on all issues, a true trial de novo.

In the case closest to the instant one on its facts, *Ottaviano v. SEPTA, supra,* a majority of this court found that an appellant who was both co-plaintiff and an additional defendant perfected his appeal only in his capacity as a co-plaintiff. This court relied upon several factors to discern the appellant's "intention" at the time of filing his appeal. First, appellant's counsel specifically captioned his appeal "on behalf of plaintiff, Joseph Ottaviano only  .  .  ." The court noted that counsel who represented Ottaviano as an additional defendant did not specifically join in the appeal. Most critical was the fact that the appellant had satisfied the judgment against him in plaintiff's favor. Although I dissented in *Ottaviano*, I find it interesting to compare the facts and result reached by the majority in that case to the case presently before us.

In contrast with appellant Ottaviano, appellant in the instant case captioned his appeal "by Scott Berkey (only),"

Berkey being named in the caption as both co-plaintiff and additional defendant. Berkey did not specify that he was appealing only in his role as plaintiff as opposed to his status as additional defendant, or vice versa. It is also interesting to note that in the instant case appellant has not satisfied the judgment in plaintiff's favor. Had he done so, he would be deemed to have acquiesced in the arbitrator's award and could not appeal it. *See Corabi v. Curtis Publishing Co.*, 437 Pa. 143, 262 A.2d 665 (1970). In spite of these distinguishing factors, the majority concludes that Berkey appeals only from the adverse holding against him as co-plaintiff. It is thus difficult to discern how the result in this case squares with the holding in *Ottaviano*. A comparison of *Ottaviano* and the present case highlights the uncertainty that results when a majority of this court tenaciously adheres to a rule, now riddled with exceptions, which would better be abandoned.

Recently, the Pennsylvania Supreme Court in *Weber v. Lynch*, 473 Pa. 599, 375 A.2d 1278 (1977), invalidated a local court rule restricting parties to compulsory arbitration to calling on appeal in a trial de novo, only those witnesses who testified at the arbitration hearing. The court concluded:

"[A]lthough section 27 of the Arbitration Act provides for de novo *appeals* from compulsory arbitration, the legislature intended such appeals, once perfected, to proceed to trial with no evidentiary limitations upon the parties other than those which would be applicable to an original trial."

*Id.*, 473 Pa. at 610, 375 A.2d at 1283.

The court noted that "the statutory right to a de novo appeal . . . includes the unfettered right to present at trial competent and relevant evidence of the sort" excluded by the stricken rule. *Id.*, 473 Pa. at 610, 375 A.2d at 1283. If the right to appeal de novo from an arbitration award is to have any value at all, it must likewise be unfettered by this court's random determination of what parties or issues are within the scope of the appeal.

If the right to a trial de novo carries with it the right to present all available evidence for consideration, even that

which was not presented at the arbitration hearing, it also carries with it the right to a determination of one's rights and obligations vis-a-vis all the original parties on all issues. Section 27 of the Arbitration Act specifies that *"Either party may appeal* from an award of the arbitrators[.] . . All appeals shall be de novo."* (Emphasis added). It is only through a tortured reading of the act that this court has concluded that all parties must appeal from the award of the arbitrators in order for a trial de novo to be merited.

Although I dissented in *Weber v. Lynch*, 237 Pa.Super. 48, 346 A.2d 363 (1975), the majority of this court held the questioned rule infringed upon the constitutional right to a trial by jury on a de novo appeal. In *Smith Case*, 381 Pa. 223, 112 A.2d 625 (1955), the supreme court considered the constitutionality of compulsory arbitration and the right to a jury trial. The court declared:

"The only purpose of the constitutional provision is to secure the right of trial by jury before rights of person or property are *finally* determined. All that is required is that the right of appeal for the purpose of presenting the issue to a jury must not be burdened by the imposition of onerous conditions, restrictions or regulations which would make the right practically unavailable. As to what amounts to such a forbidden restriction it has been held that the constitutional provision is not violated by a requirement of the payment of costs before the entry of an appeal in order to obtain a jury trial, *McDonald v. Schell*, 6 S. & R. 239; nor by a requirement of giving bail for the payment of costs accrued and to accrue or for the performance of some other duty, *Haines v. Levin*, 51 Pa. 412; *Commonwealth, for use, v. McCann & Co.*, 174 Pa. 19, 34 A. 299; nor by a requirement of furnishing security for the prosecution of the appeal and satisfaction of the final judgment: *Capital Traction Co. v. Hof*, 174 U.S. 1, 23, 43–45, 19 S.Ct. 580, 43 L.Ed. 873; nor by a requirement of the payment of a jury fee in advance of trial: *Gottschall v. Campbell*, 234 Pa. 347, 361, 83 A. 286, 291. There can be no valid objection, therefore, to the provisions of the Act of 1836, unchanged by the Act of 1952, regarding the

126

payment of the accrued costs and the giving of a recognizance for the payment of the costs to accrue in the appellate proceedings as the condition for the allowance of an appeal from the award of the arbitrators." 381 Pa. at 230–31, 112 A.2d at 629 (emphasis in original) (footnote omitted).

In given cases, the condition which this court has imposed on the right to a jury trial on appeal from compulsory arbitration has indeed been onerous. Seemingly there will be no end to the combinations available to the majority in restricting the scope of de novo appeals to selected parties and issues. The many rules and exceptions that proliferate on the issue render it almost impossible for one to guess what result will be reached in any given fact situation. I am greatly disturbed by the majority's persistence on this issue. The very simple rule which I again propose would be fair to all parties, would speed final resolution of arbitrated cases and would render appeals such as this one unnecessary. For the sake of fairness to all parties and judicial economy, I propose that an appeal by one party from compulsory arbitration be treated as an appeal by all parties, embracing all issues.

I would reverse the order of the lower court and remand the case for a full trial de novo.

VAN der VOORT, J., joins in this dissenting opinion.