# Tom Mistick & Sons, Inc. v. Grasha Real Estate, Inc.

*David M Priselac*, for plaintiff.
*Daniel J. Beggy*, for defendant.

WETTICK, *J.*, November 3, 1979—Plaintiff instituted this action to recover a $2000 deposit held by a real estate company. Plaintiff alleges that defendant has no lawful claim to the deposit and has wrongfully refused to return the deposit to plaintiff. In its answer, defendant averred that the deposit constitutes a portion of a real estate commission to which it is entitled and included a counterclaim in the amount of $795 plus interest for the balance due on its commission. A board of arbitrators entered an award for defendant on the original claim and for plaintiff on defendant's counterclaim.

On the final day for taking an appeal, plaintiff filed a notice of appeal from this award of the board of arbitrators. Subsequently, the prothonotary entered a judgment against defendant and in plaintiff's favor on defendant's counterclaim in accordance with the award of the board of arbitrators pur-

suant to a praecipe for judgment filed by plaintiff. Defendant has filed a motion to strike this judgment on the ground that the trial de novo resulting from plaintiff's appeal includes defendant's counterclaim.[1]

In Pennsylvania, every counterclaim is characterized as a separate cross action by the defendant against the plaintiff. Consequently, the filing of a counterclaim is optional and a defendant, in lieu of filing a counterclaim, may bring an independent action on his or her claim against the plaintiff: 2 Goodrich-Amram 2d §1031(b):1; Martin v. Poole, 232 Pa. Superior Ct. 263, 336 A. 2d 363 (1975). Thus because a claim and counterclaim are independent actions, plaintiff contends that its appeal from the award of the arbitrators should be treated as an appeal of only the adverse judgment entered on its claim. In support of its contention, plaintiff cites the appellate court rulings of this Commonwealth which have consistently held that an appeal taken by one of several defendants from an adverse arbitration award provides for a de novo trial of only those issues which adversely affected the appellant. See, e.g., Klugman v. Gimbel Bros., Inc., 198 Pa. Superior Ct. 268, 182 A. 2d 223 (1962); Werner v. Springfield Dodge and Chrysler Corp., 253 Pa. Superior Ct. 14, 384 A. 2d 952 (1978); and Oler, Compulsory Arbitration in Pennsylvania: Effect of an Appeal by One of Several Parties, Pa. Bar Quar-

---

1. In the alternative, defendant requests leave to appeal nunc pro tunc. This request must be denied because this court lacks the power to grant an appeal nunc pro tunc in the absence of fraud or breakdown in the court machinery. See James F. Oakley, Inc. v. School District of Philadelphia, 464 Pa. 330, 346 A. 2d 765 (1975).

terly, Oct. 1977, p. 557. The rationale for these rulings is perhaps most clearly enunciated in Flouders v. Foster, 212 Pa. Superior Ct. 418, 243 A. 2d 146 (1968), where the court stated: "[I]t is the rights and interest of the party who filed a timely appeal that merit protection, not those of the party who did nothing and then belatedly hopes to benefit from the appeal, possibly at the expense of the party who complied with the statutory limitation." 212 Pa. Superior Ct. 421, 243 A. 2d 148.

This case law permitting an appellant to limit the scope of a de novo trial to matters decided adversely to the appellant has governed only questions concerning the effect of an appeal on awards involving non-appealing third parties. There appear to be no reported decisions which have considered the question of the effect of an appeal from an arbitration award on an appellee's counterclaim.

This case law limiting a de novo hearing to matters decided adversely to the appellant should not be extended to counterclaims of an appellee against an appellant. The extension is not supported by the rationale for excluding non-appealing third parties from the de novo hearing that it is unfair to benefit the party who did nothing and belatedly hopes to benefit from another party's appeal because an appellee—unlike the non-appealing third party—is already a party to the de novo hearing and would usually wish that no appeal had been taken. In addition, a decision denying appellee the right to raise a counterclaim is contrary to the established policies of the Pennsylvania Rules of Civil Procedure and case law allowing a party's defense of a claim to include a counterclaim.

In the present case, the board of arbitrators apparently compromised the dispute between the parties by rejecting plaintiff's claim that no com-

mission was due while allowing defendant to retain only the portion of the commission which the deposit represented. Defendant did not take an appeal from the award for plaintiff on its counterclaim because it was prepared to accept this compromise decision of the board of arbitrators so long as this terminated the litigation. However, if the matter was going to be again heard as a result of an appeal taken by plaintiff, defendant would obviously wish to have its counterclaim considered at the de novo hearing because this would require the expenditure of almost no additional time and money over that already required to defend plaintiff's claim.[2]

The Pennsylvania Rules of Civil Procedure allowing counterclaims enable a defendant to pursue a claim that would not justify a separate suit and to strengthen his or her case by presenting through a counterclaim additional equities in its favor. The appeal procedures are not intended to place an appellant in a better position than he or she would have occupied at the arbitration proceeding. To the contrary, while the arbitration procedures must provide for a de novo hearing to protect an appellant's right to a jury trial, the appeal prerequisites to obtain a de novo hearing are designed to discourage the taking of appeals. See Black and Brown, Inc. v. Home for the Accepted, Inc. 233 Pa. Superior Ct. 518, 335 A. 2d 722 (1975); MacKanick v. Rubin, 244 Pa. Superior Ct. 467, 368 A. 2d 815 (1976). Thus we should not construe the Arbitra-

---

2. Because of the time and money necessary to perfect an appeal from an arbitration award, it would not be realistic for a defendant to protect against a last minute appeal by taking an appeal from an adverse ruling on a counterclaim that would be pursued only if plaintiff appealed the award involving the original claim.

tion Act to place an appellee at the de novo hearing in a strategically inferior position to that which he or she occupied at the original hearing.

This ruling entitling an appellee to pursue its counterclaim at a de novo hearing is consistent with the appellate court case law which affords parties at a de novo hearing the full benefits of our rules of civil procedure. In Cellutron Products Corp. v. Stewart, 223 Pa. Superior Ct. 391, 392, 300 A. 2d 900 (1972), the Superior Court in reversing a lower court ruling denying defendant's request to amend substantially a counterclaim said that: "Amendments are liberally allowed under Rule 1033 of the Pennsylvania Rules of Civil Procedure, and we see no reason to apply a more restrictive rule merely because the cause of action before the court has come to it upon appeal from an arbitrator's award." 300 A. 2d at 901. Also see Bell v. Shetrom, 214 Pa. Superior Ct. 309, 257 A. 2d 323 (1969).[3]

For these reasons, we enter an order striking the judgment in plaintiff's favor on defendant's counterclaim.

## ORDER

On this November 3, 1979, it is hereby ordered that defendant's motion to strike judgment is granted and that the de novo hearing in these proceedings shall include defendant's counterclaim.

---

3. Plaintiff's notice of appeal states that appellant appeals from the award of the arbitrators entered of record on March 9, 1979. Under the case law holding that when an appellant files an appeal, the appeal is filed in all capacities unless a contra intent is evidenced (see, e.g., Berkey v. Puliafico, 254 Pa. 84, 385 A. 2d 554 (1978)), plaintiff's appeal arguably includes the entire award covering the original claim and counterclaim. However, we do not reach this issue because of our holding that every trial de novo includes the appellee's counterclaim.